AUGUST TERM,
1838.

Armstrong
v.
Prewitt.

### ARMSTRONG v. PREWITT.

1. A judgment against one of two several obligors, without satisfaction, is no bar to an action against the other.

2. Petition in debt by assignee against one of two joint and several obligors. Pleas, non-assignment and payment. Issues taken. Plaintiff proved the assignment, but did not read the bond in evidence—defendant offered no proof of payment Judgment, that plaintiff recover, &c. Held, that the court, acting as a jury, did not err in finding for plaintiff, notwithstanding he failed to read his bond as evidence of indebtedness, for the making of the bond was not denied and was in possession of the court.

3. It was unnecessary to find the issue of payment, as the defendant offered no evidence to sustain his plea, and if it were, the general finding of the court "that plaintiff recover," &c. was at least an indirect response to that issue.

*J. Heard*, counsel for plaintiff, cited:
Semi-annual part, Mo. Rep. 53–5; 3 Mo. Rep. 390; Littell's Select Cases.

*S. Kirtley*, counsel for defendant, cited:
1 Bibb's Rep. 547; 1 J. Rep. 290; 1 Mar. R. 458–9; 6 J. R. 26; 18 J. R. 459; 2 Lit. R. 232; 1 Mar. 117. 118; 1 J. J. M. 609.

McGIRK, Judge, delivered the opinion of the court.

Prewitt, assignee, brought an action of debt by petition and summons. It appears by the record that Prewitt became the assignee of a bond from one White to him, made by the defendant and another person. The defendant pleaded that the other obligor was dead, and that White, before his assignment, had obtained judgment in the county court against the representative of the deceased obligor for the amount, and prayed judgment whether the plaintiff should have his action. The plaintiff demurred and had judgment; this is assigned for error.

AUGUST TERM, 1838.

Armstrong
v.
Prewitt.

It is a rule of law that a judgment on a several bond (as this bond was) against one obligor, is no bar against an action against the other, unless there is satisfaction or payment. In this case no such fact appears; therefore, the circuit court, on this point, committed no error.

The defendant also pleaded payment, and no assignment to the plaintiff by White. Issues were taken on both these pleas. The plaintiff then proved the assignment on the trial before the court without a jury. The defendant gave no evidence of payment to the court. The plaintiff did not read his bond to the court, and then the defendant prayed the court to non-suit the plaintiff for want of evidence of indebtedness, which the court refused, but gave judgment for the plaintiff. But after the motion for a non-suit was overruled, the plaintiff read to the court the bond and assignment without any objection being made by the defendant. The defendant supposes he was injured by the refusal to non-suit the plaintiff. My opinion on this point is this, that the defendant had no right to demand a non-suit for defective evidence. But if the evidence, in his opinion, were defective, yet, if the plaintiff chose to risk his case before the court, he might do so; and if the court found for him, the defendant could ask for a new trial, and if this were improperly refused, it would be error. But if this case were now a question of defective evidence, I would be of opinion the finding is well enough. There was no issue which made it necessary for the plaintiff to prove the bond was made by the defendant; this was admitted, and the debt also was admitted, and the bond was, by the law, already in the custody of the court. But one question made by the defendant was, whether or not Prewitt was entitled to the debt so admitted to be due by the bond. The record shows this fact was proved by a witness in the presence of the court: nothing more on this point was wanting; so that if the plaintiff had not read his papers as he did, yet his case would have been with him. But he read his papers afterwards without objection being made. There is no error on this point.

But the plaintiff in error still insists the judgment is erroneous, because he says the court did not find his plea of payment one way or another. The finding is, that the plaintiff ought to have his debt, &c. Now suppose this is no good finding, as to the question of payment, yet the question is not whether there be error or no error in the record. But if there be error, yet something else is required. It must be such error as may preju-

A judgment against one of two several obligors, without satisfaction, is no bar to an action against the other.

Petition in debt by assignee against one of two joint and several obligors. Pleas, non-assignment and payment. Issues taken. Plaintiff proved the assignment, but did not read the bond in evidence. Defendant offered no proof of payment. Judgment that plaintiff recover, &c. Held, that the court, acting as a jury, did not err in finding for plaintiff, notwithstanding he failed to read his bond, as evidence of indebtedness, for the making of the bond was not denied, and was in possession of the court.

It was unnecessary to find the issue of payment, as the defendant offered no evidence to sustain his plea, and if it were, the general finding of the court "that plaintiff re-

AUGUST TERM,
1838.

dice the party.   How can this man pretend he is injured by the failure of the court to pass on the plea of payment, when the record shows he gave no evidence on this point of any sort.   There is then no error in this point.   But as to the plea of no assignment, the only question made by that plea was, whether the assignment had been made or not.   The court find the plaintiff ought to recover his debt.   This cannot, in any possible sense, be true, unless it be true the assignment was made; though his finding is somewhat argumentative, yet the argument is not far-fetched; there can be but one way to look for the facts on which this conclusion arises.   I think this case is entirely different in some particulars from the case of Fenwick v. Logan, and of the case of Snedicar v. Jones.   There is then no error in this case. The judgment, the other judges concurring herein, is affirmed with costs.