PAGE & BACON, Appellants, *vs.* SNOW *et al.*, Respondents.

1. The holder of a note may sue all or any of the parties to it, at his option.
2. In a petition on a note against the maker and some of the indorsers, it is not necessary to allege that the note has not been paid by an indorser, who is not joined in the suit, or that the amount of the note is due to the plaintiff. It is sufficient to aver the execution of the note and the non-payment of it by the defendants.

*Appeal from St. Louis Court of Common Pleas.*

*Knox & Kellogg*, for appellants.
*J. H. Rankin*, for respondents.

GAMBLE, Judge, delivered the opinion of the court.

Page & Bacon brought suit on a note which is negotiable under the statute, made by Snow, payable to Scott, alleged in the petition to have been indorsed by Scott to Ivers, and by Ivers to Mills, and by Mills to Harlow, and by Harlow to Wat-

kins, and by Watkins to plaintiffs. The suit is against Snow, the maker, and all the indorsers, except Scott, who was the payee and first indorser. The petition alleges presentment for payment and notice of the dishonor to the defendants, and avers, that neither of the defendants had paid the note nor any part thereof, and prays judgment for the amount of the note and interest. Ivers and Mills demurred to the petition, on the grounds that Scott should have been a party, and that the petition should have contained a statement of the sum due to the plaintiffs. It is also stated, as an objection to the petition, that it should have been averred that the note had not been paid to the plaintiffs by Scott, the first indorser.

1. The eighth section of article four of the code permits persons severally liable, including parties to bills of exchange and promissory notes, to be included, *all or any of them,* in the same action, at the option of the plaintiff. The petition, then, is not bad, because Scott was not made defendant.

2. The third clause of section one, article six, requires that, if the recovery of money be demanded, the amount thereof shall be stated, or such facts as will enable the defendant and the court to ascertain the amount demanded. The petition prays judgment for the amount of the promissory note, with interest. This is sufficient. The petition states presentment for payment and refusal, and notice of the dishonor to the defendants. These facts gave a right of action against each of the defendants, and if each had been sued by himself, a petition would have been sufficient which stated his liability, and that he had not paid. The old form was, to state the making and indorsement of the note, its presentment and dishonor, and notice to the indorser, and then allege, " By means whereof, the said defendant became liable to pay to the said plaintiff, &c., and being so liable, in consideration thereof, the defen - ant undertook and promised," &c., and then state a breach of the promise by failing to pay. But these statements of liability and promise are not necessary. The pleader may proceed, at once, from the statement of the defendant's liability to his

breach of contract in failing to pay. The fact that this suit is against several parties, severally liable, does not change the character of the pleading, as against each, or make it necessary to aver more, to make each of the defendants liable, than would have been required if he had been sued separately. If Scott, the first indorser, has paid the plaintiffs, they have no further right to maintain an action against the defendants, or either of them; but this fact is to be relied on and established by the defendants, just as each one of them would have been obliged to use it, if he had been sued on his indorsement in an action of assumpsit.

The demurrers of Ivers and Mills ought not to have been sustained, and the judgment is reversed and the cause remanded, the other judges concurring.