KNOX COUNTY SAVINGS BANK v. COTTEY, *Administrator of ,he Estate of J. V. Strode & Son, Appellant.*

**Joint and Several Obligations**: SEVERAL ACTIONS. The recovery of a judgment on a note against one of the makers and the administrator of the individual estate of a deceased member of a firm which was joint maker with him, will not prevent recovery against the partnership estate of the firm in another action. Under sections 1, 2 and 4, Wag. Stat., p. 269, the obligation is joint and several; upon the death of one of the members of the firm the cause of action survives against the administrator of the partnership estate, and the holder of the note has the right to sue any other persons liable without losing his recourse against the estate.

*Appeal from Knox Circuit Court.*

AFFIRMED.

This was an action against Louis F. Cottey as administrator *de bonis non* of the partnership estate of the late firm of Johnson V. Strode & Son, on a note executed by said firm and one Gardner. The firm had been composed of Johnson V. Strode and Jeremiah S. Strode, but the latter had died, and Sylvester Shultz had been appointed his administrator, while J. V. Strode, as surviving partner, administered the partnership estate until he was removed and defendant, Cottey, was appointed in his stead. Other facts appear in the opinion.

*Lewis F. Cottey* and *O. D. Jones* for appellant.

Plaintiff took a joint judgment on a joint contract, and the note is merged in the judgment. 2 Kent Comm., 338. He cannot have another judgment on it. Wag. Stat., § 4, 269; *Wood v. Ensel*, 63 Mo. 193; *Pfau v. Lorain*, (Ohio) 1 Super. Ct. Rep. 73; 1 Parsons on Notes & Bills, 247; *Robertson v. Smith*, 18 John. 459; *Eldred v. Bank*, 17 Wall. 545; *Mason v. Elcherd*, 7 Am. Law Reg. 402. He must treat the contract as joint as to all, or several as to all. 1

Parsons on Contract, pp. 12, 13, 14 ; Wag. Stat., p. 269, §§ 1, 4, 9 ; p. 1001, § 7 ; p. 1053, §§ 8, 9 ; p. 1047, §§ 47, 48.

*Wilson & Cover* for respondent, cited *Oldham v. Henderson*, 4 Mo. 295 ; *Bryant v. Hawkins*, 47 Mo. 410 ; *Gates v. Watson*, 54 Mo. 585 ; *Armstrong v. Prewitt*, 5 Mo. 476 ; *Harlan v. Berry*, 4 G. Green (Iowa) 212 ; *McReady v. Rogers*, 1 Neb. 124 ; *Elliott v. Porter*, 5 Dana, 299 ; *King v. Hoare*, 13 M. & W. 504 ; *Hix v. Davis*, 68 N. C. 233.

NORTON, J.—On the trial of this cause in the circuit court, defendant offered in evidence the record of a suit instituted in the Knox county circuit court on the note now in controversy, in which suit Johnson V. Strode was sued together with Sylvester Shultz as the administrator of the individual estate of Jeremiah S. Strode, deceased, and one Riley Gardner. This suit was dismissed by the circuit court as to Johnson V. Strode, and judgment was rendered against said Gardner, and Shultz as administrator, and leave was given to withdraw the note sued on. This evidence was rejected by the trial court, and its action in that respect is the only error alleged by defendant and appellant.

In view of sections 1, 2 and 4, Wagner's Statutes, 269, declaring that all joint obligations shall be construed to be joint and several ; that in the event of the death of one or more of the joint obligors, the debt shall survive against the administrator of the deceased obligor, as well as against the survivors ; that in all cases of joint assumptions of co-partners, suits may be prosecuted against any one or more of those who are liable, and in view of the construction placed upon them in the cases of *Oldham v. Henderson*, 4 Mo. 295 ; *Armstrong v. Prewitt*, 5 Mo. 476 ; *Bryant v. Hawkins*, 47 Mo. 410 ; *Gates v. Watson*, 54 Mo. 585, we can perceive no error in the action of the court in refusing to allow the judgment against two joint obligors to be read as evidence in bar of a right of recovery against the administrator of the partnership estate of Strode & Son.

The dismissal of the suit as to Johnson V. Strode placed him out of court as if he had never been brought in, and the suit then proceeded against the administrator of Jeremiah Strode's individual estate and one of the co-obligors on the note against whom judgment was rendered, leaving the holder of the note, under the authorities above cited, with power to sue Johnson V. Strode, either individually or as administrator of the partnership estate. Judgment affirmed. All concur.