## PRIEST v. WATSON, *Appellant.*

**Negotiable Paper**: RELEASE OF MAKER: EFFECT ON ACCOMMODATION INDORSER: EXECUTION. The holder of negotiable paper having recovered judgment thereon against the maker and caused execution to be levied on property of the maker sufficient to pay the debt afterward released the levy. *Held,* that he thereby released from liability one who was holden on the paper as accommodation indorser.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*H. A. & A. C. Clover* for appellant.

The obligation of the indorser of a promissory note is in the nature of that of a surety for the performance of the act of the promissor. Chitty on Bills, (13 Am. Ed. No. 411) 463; *Clarke v. Devlin,* 3 Bos. & P. 363; *Wallace v. McConnell,* 13 Pet. 136; *Blair v. Bank,* 11 Humph. 84; 2 Daniel Negot. Instr., p. 292, § 1303; Edwards on Bills, 293; Byles on Bills, 189, *192; *Smith v. Sheldon,* 35 Mich. 42; *s. c.,* 24 Am. Rep. 529; *Collott v. Haigh,* 3 Camp. 281; 2 Am. Lead. Cas. 257; *Weimar v. Shelton,* 7 Mo. 237. The relation of the parties is not extinguished by fixing the liability of the indorser by presentment, demand of payment, non-payment and notice to indorser; nor is it altered by judgment against the maker. 2 Daniel Negot. Instr., § 1395; *Rice v. Morton,* 19 Mo. 263; *Hubbell v. Carpenter,* 5 Barb. 520; *s. c.,* 1 Seld. 171; *Lafarge v. Herter,* 5 Seld. 245; *Chester v. Bank,* 16 N. Y. 336; *Smith v. Rice,* 27 Mo. 506; *Bank v. Hatch,* 6 Pet. 250; *Brown v. Riggins,* 3 Ga. 405; *Craig v. Cox,* 2 Bibb (Ky.) 309; *Sailly v. Elmore,* 2 Paige 497; *Bank v. Bartlett,* 13 Vt. 315. When a creditor has in possession money or property of the principal debtor, which he may rightfully retain and appropriate to the satisfaction of his debt without violating any duty or subjecting himself to any action, and instead of retaining it suffers it to

pass into the hands of the principal, the surety is thereby, to that extent, discharged. Therefore, the release of the property of the judgment debtor, sufficient to pay and satisfy the judgment, released and discharged the surety from further liability upon the note upon which judgment was obtained. *Perrine v. Ins. Co.*, 22 Ala. 575 ; *Springer v. Toothaker*, 43 Me. 381 ; *Cummings v. Little*, 45 Me. 183 ; *Baker v. Briggs*, 8 Pick. 122 ; *Payne v. Bank*, 14 Miss. (S. & M.) 24 ; *N. H. Savings B'k v. Colcord*, 15 N. H. 119 ; *Comm. v. Miller*, 8 Serg. & R. 452 ; *Neff's Appeal*, 9 Watts & S. 36 ; *Smith v. McLeod*, 3 Ired. Eq. 390 ; *Nelson v. Williams*, 2 Dev. & B. Eq. 118 ; *Griswold v. Jackson*, 2 Edw. Ch. 461 ; *Cullum v. Emanuel*, 1 Ala. 23 ; *Bank v. Thompson*, 3 Grant Cas. 114 ; *Everly v. Rice*, 20 Pa. St. 297 ; *Richards v. Comm.*, 40 Pa. St. 146 ; *Hurd v. Spencer*, 40 Vt. 581 ; *Comm. v. Hass*, 16 S. & R. 252 ; *Farmers' Bank v. Raynolds*, 13 Ohio 84 ; *Mayhew v. Boyd*, 5 Md. 102 ; *Ferguson v. Turner*, 7 Mo. 497 ; *Sneed v. White*, 3 J. J. Marsh. 525 ; *Mayhew v. Crickett*, 2 Swans. 193 ; *Winston v. Yeargin*, 50 Ala. 340 ; *Woodward v. Walton*, 7 Heisk. 50 ; *Clopton v. Spratt*, 52 Miss. 251 ; *Case v. Hawkins*, 53 Miss. 702 ; 5 Rob. Prac., (new Ed.) 766 ; 1 Parsons N. & B. 242 ; Byles on Bills, (*241,) 386 ; *Williams v. Price*, 1 Sim. & St. 581 ; *Ex parte Mure*, 2 Cox 63 ; *King v. Baldwin*, 2 John. Ch. 554 ; *Humphrey v. Hitt*, 6 Gratt. 509 ; *Hays v. Ward*, 4 John. Ch. 123 ; *Slevin v. Morrow*, 4 Ind. 425 ; *Smith v. Day*, 23 Vt. 656 ; *Muirhead v. Kirkpatrick*, 21 Pa. St. 237 ; Byles, Sharswood's Ed. (*246, 247,) 392 ; 2 Am. Lead. Cas. 348 ; *Hubbell v. Carpenter*, 5 Barb. 520 ; 2 Daniel Negot. Instr., § 1311 ; *Storms v. Thorn*, 3 Barb. 314 ; *Lafarge v. Herter*, 11 Barb. 159 ; *Moss v. Pettingill*, 3 Minn. 217 ; *State B'k v. Edwards*, 20 Ala. 512 ; *Sherraden v. Parker*, 24 Iowa 28 ; *Ashby v. Smith*, 9 Leigh 164 ; *Haven v. Foley*, 18 Mo. 136 ; *s. c.*, 19 Mo. 632 ; *Fischer v. Meyer*, 24 Mo. 90 ; *Martin v. Taylor*, 8 Bush 384 ; *Bank v. Matson*, 24 Mo. 333 ; *s. c.*, 26 Mo. 243 ; *McLemore v. Powell*, 12 Wheat. 556 ; *Wood v. Bank*, 9 Cow. 194 ; *Bank v. Hanrick*, 2 Story 416 ; *Newcomb v. Raynor*, 21 Wend. 108 ; Byles

on Bills, (11 Ed.) 247 n. 1 (193); Story on Notes, (5 Ed.) § 413; *Woodman v. Eastman*, 10 N. H. 359; *Couch v. Waring*, 9 Conn. 261; *Okie v. Spencer*, 2 Whart. 253; *Hawkins v. Thompson*, 2 McLean 111; *Schroeppel v. Shaw*, 3 Comst. 452; *Ward v. Nass*, 7 Leigh 135.

*Charles A. Davis* and *A. R. Taylor* for respondent.

Nothing but payment will discharge the indorser after his liability has been fixed by demand, notice and protest. 2 Parsons Bills and Notes, 243, 244; *Bank v. Myers*, 1 Bailey 412; Baylie on Sureties and Guar., 472, 473. The indorser cannot compel the holder to resort to securities before enforcing the liability of the indorsement. *First Nat. Bank v. Wood*, 71 N. Y. 405; *s. c.*, 27 Am. Rep. 66. If he wants the securities realized upon, he ought to pay the note as he has agreed; and then take the securities. *Beebe v. Bank*, 7 W. & S. 375. The indorser is as to the holder of a negotiable bill, the principal debtor. *In re Babcock*, 3 Story 393. Indorser not discharged by release of attachment levies. *Bank v. Dixon*, 4 Vt. 587. Nor by any indulgence to maker. *Clark v. Barrett*, 19 Mo. 39. Indorser is not a surety within the meaning of statute concerning sureties. *Clark v. Barrett, supra.* The statute (R. S., 666,) empowers a creditor to discharge one or more of joint or several debtors, without affecting his right against the remainder. Now, as defendant was one of several debtors to plaintiff, by the plain language of the statute plaintiff could absolutely discharge Ringrose J. Watson from all liability to him on the note, and not affect his right against defendant. So that it is perfectly clear that the plaintiff could do anything less than discharge Ringrose J. without affecting plaintiff's right against defendant. The greater comprehends the less; so that, if instead of simply withdrawing a levy on Ringrose J.'s property, he had given him a full release and discharge from all liability on the note to him,

he could have done so without in the slightest impairing his right against defendant.

NORTON, J.—This is an action instituted in the circuit court of the city of St. Louis, by plaintiff, as indorsee, against defendant, as indorser of a negotiable promissory note for $3,000.

The defendant in his answer substantially alleged that he indorsed the note in question on the day of the date, for the accommodation of R. J. Watson, the maker, who discounted the same in the St. Louis National Bank and received the proceeds; that the bank, as holder, took all necessary steps to charge defendant, as indorser, and sued defendant and the maker upon the note; that the action was dismissed as to defendant and judgment obtained against the maker; that on this judgment execution was issued; that defendant thereupon informed the bank that he was merely an accommodation indorser upon the note, that the maker had property subject to execution, and requested the bank to levy upon the property of the maker and thus satisfy the judgment; the bank accordingly caused a levy to be made upon a tract of land in St. Louis county, belonging to R. J. Watson and worth $5,000; also, upon some cord-wood belonging to R. J. Watson, worth $2,000; also, upon some shares of stock belonging to the same defendant, worth $2,000. The answer further says, that before the maturity of the note the plaintiff in this action, Priest, who is a brother-in-law of R. J. Watson, well knowing that defendant John A. Watson was a mere accommodation indorser on the note in question, for the accommodation of R. J. Watson, who is a brother of defendant, together with R. J. Watson, conceived the fraudulent design of imposing upon defendant the payment of the note; that R. J. Watson, though solvent, was somewhat embarrassed in his affairs, and to relieve him, Priest, on the 15th of February, 1876, purchased the judgment from the bank, paying the full amount and costs, and tak-

ing an assignment to him, Priest; that afterward, without the knowledge of this defendant, Priest directed the sheriff to release the levies upon the personalty above mentioned, which had been advertised for sale, and also to indefinitely extend the time of sale of real estate levied upon as aforesaid, and said property was in consequence discharged and released from levy of the execution, and no sale was had; that afterward, on the 18th of December, 1876, Priest placed on record a deed duly executed and acknowledged by R. J. Watson and wife, whereby for the consideration, real or pretended, of $5,000, they purported to convey the real estate above mentioned to Priest; that this deed was dated and acknowledged the 20th day of November, 1875; but was not delivered until the day it was recorded, or, if delivered before, was made in fraud of the creditors of R. J. Watson and of defendant, as his surety, and was without consideration, and contrived to defraud defendant; that R. J. Watson, since the date of these transactions, is a bankrupt; and defendant claims that by reason of these matters the note is paid so far as defendant is concerned, and he prays that he be dismissed with costs, and that plaintiff be forever enjoined from instituting suit against him on this note.

Plaintiff demurred to this answer on the grounds that the facts constitute no defense, and that several defenses are improperly joined. The demurrer was sustained, and defendant refusing to plead further, judgment was rendered against him, from which he appealed to the St. Louis court of appeals, where the judgment was affirmed, from which he has appealed to this court.

The question presented by the above record is whether or not the holder of a negotiable note, after the liability of an accommodation indorser has become fixed by notice of demand and protest, who obtains judgment against the maker of the note, and levies an execution issuing thereon, on sufficient personal property of the maker to pay the debt, and voluntarily releases the same to the maker, thereby

discharges the indorser. That such action on the part of the holder or indorsee releases such indorser, is clear, we think, if the rulings of this court heretofore made in the following cases are to be adhered to, and we can see no reason for departing from them, sustained as they are both upon principle and authority.

In the case of *Weimar v. Shelton*, 7 Mo. 237, it was held that an accommodation indorser is to be regarded in the light of a security, and as such is entitled to avail himself of any defense which would have availed the maker. In the case of *Ferguson v. Turner*, 7 Mo. 497, which was a suit against Turner, the indorser of a negotiable note, it was held that while mere negligence on the part of the payee in not suing or in giving time to the principal debtor will not discharge a surety, yet if the payee has a specific lien on the property of the debtor sufficient to satisfy the debt, and voluntarily surrenders the lien or loses it by his own neglect, the security will be discharged. In the case of *Smith v. Rice*, 27 Mo. 505, which was a suit against Rice as indorser, it was held that " the doctrine may be considered as settled in this State—where law and equity are administered in the same forum and in the same suit—that a judgment does not extinguish the relation of principal and surety; (*Morton v. Rice*, 19 Mo. 263;) and the same causes that discharge a surety will discharge an indorser, (*Bank of U. S. v. Hatch*, 6 Pet. 250)." No citation of authorities is needed to establish the proposition that a surety is entitled to any specific security for the payment of the debt which the principal debtor may have given the creditor, or which by operation of law the creditor may have acquired, and if the creditor releases or destroys voluntarily such security, that the surety is discharged to the extent that such specific security would have gone to pay the debt.

The facts set up in defendant's answer bring the case within the operation of the above principle, for they show that the creditor had seized and appropriated, by the levy

of an execution, which issued on a judgment obtained against the principal, upon sufficient personal property to pay the debt, and that this property was voluntarily released to the debtor by the creditor without the assent of the indorser. If then the indorser in this case, notwithstanding the fact that the debt had been put into a judgment against the maker, was entitled in law to be discharged for the same causes that would discharge a surety, (and this was so held in the case of *Smith v. Rice, supra,*) it necessarily follows that the answer set up a complete defense to plaintiff's cause of action, and that the court committed error in sustaining the demurrer to it.

We have been cited by respondent's counsel, among others, to the following cases as sustaining the action of the trial court, viz: *Clark v. Barrett,* 19 Mo. 39; *Page v. Snow,* 18 Mo. 126, and *Miller v. Mellier,* 59 Mo. 388. In the first of the above cited cases it was simply held that "the act concerning securities," which required a creditor to commence suit within a given time after notice in writing was given him by a security requesting him to sue, did not apply to an indorser of a negotiable note. The case in 59 Mo. only holds that, after the liability of an indorser is fixed by demand and notice, the failure of the holder to proceed against the maker does not discharge the indorser. In the case of *Page v. Snow, supra,* where the maker and all the indorsers, except the first, were sued by the holder, a demurrer was interposed to the petition on the ground that all the indorsers should have been joined in the suit, and also on the ground that it should have been alleged in the petition that the note had not been paid by the indorser who had not been joined in the suit. In the disposition of this demurrer it was simply held that the holder of a negotiable note might sue all or any of the parties to it, and that it was sufficient to allege that the note had not been paid by defendants. The principle involved in the above cases has no application to the case at bar. Defendant in his answer does not seek to be relieved on the ground that

the holder remained passive and did not act in pursuing the maker by suit, but on the ground that he did act, but acted wrongfully and to his prejudice by releasing property of the maker which he lawfully held in his grasp and which was sufficient to pay the debt. Judgment reversed and cause remanded, in which all concur.