W. D. McLean, Plaintiff in Error, v. W. B. McAllister, Defendant in Error.

### St. Louis Court of Appeals, March 27, 1888.

Contract—Joint and Several.—A contract entered into by a partnership firm may, after dissolution by death of one of the partners, be enforced against the survivor as a personal obligation.

Error to the Pike Circuit Court, Hon. E. M. Hughes, Judge.

*Reversed and remanded.*

Smith & Hostetter, for the plaintiff in error : All contracts which by common law are joint only shall be construed to be joint and several. Rev. Stat., secs. 658, 659-61. Plaintiff has the right to sue W. B. McAllister either individually or as administrator of the partnership estate. *Bank v. Cottey*, 70 Mo. 150, and cases cited.

Champ. Clark, for the defendant in error: This being an action involving a dead man's estate—upon which said estate administration is now being had in the probate court—it cannot be maintained for the reason that the probate court has entire and exclusive jurisdiction of all such estates. The proper remedy of plaintiff is to apply to the probate court for the allowance of his claim. Const of Mo., sec. 34, art. 6 ; Rev. Stat., secs. 65, 1176 ; *French v. Stratton*, 79 Mo. 560 ; *Davis v. Smith*, 75 Mo. 219 ; *Hellman v. Wellenkamp*, 71 Mo. 407-9 ; *Ensworth v. Curd*, 68 Mo. 282 ; *Titterington v. Hooker*, 58 Mo. 593 ; *Pearce v. Calhoun*, 59 Mo. 271 ; *Wernecke v. Kenyon's Adm'r*, 66 Mo. 284 ; *Dodson v. Scruggs*, 47 Mo. 285 ; *Cones v. Ward*, 47 Mo. 289 ; *Bauer v. Gray*, 18 Mo. App. 173. The authorities cited by plaintiff in error do not apply in this case.

ROMBAUER, P. J., delivered the opinion of the court.

The pleadings and evidence tended to show the following facts: The defendant and A. R. McAllister were, in the year 1872, copartners as W. B. & A. R. McAllister, and as such the assignees of a claim held formerly by Anderson and Patterson against the Missouri & Iowa Construction Company. Anderson and Patterson had, prior to the assignment, given an order to plaintiff upon the company for the sum of $311.72, which order the company had accepted. When the company was sued by W. B. & A. R. McAllister as assignees, it set up the acceptance of this order in part defence to their recovery. It was thereupon agreed between the plaintiff, the two McAllisters, and the company, that if the company would allow judgment for twelve hundred and twenty-five dollars to go in favor of the two McAllisters, they would pay from the proceeds of the judgment when collected the sum of $311.72 and interest to plaintiff. The company thereupon withdrew its answer, and judgment was rendered against it as agreed. Subsequently, and before the collection of the judgment, A. R. McAllister died, and the defendant took out letters as surviving partner on the partnership estate of W. B. & A. R. McAllister. As such surviving partner he collected the judgment from the company and accounted for its proceeds in the probate court.

This suit was instituted against W. B. McAllister, individually, after he had collected the money, for the recovery of the $311.72 and interest. The court upon trial, the above facts appearing by the pleadings and evidence, instructed the jury to find a verdict for the defendant. Hence this appeal.

It will be thus seen that the only question for our decision is, whether under the facts above stated the plaintiff's exclusive remedy is to exhibit his claim for allowance against the partnership estate in the probate court, or whether he may maintain this action

against the defendant individually. The court by its instruction declared, in substance, that the former course was the only one that plaintiff could pursue.

All contracts, which by the common law are joint only, are to be construed under the statute in this state to be joint and several, and the action thereon survives as well against the administrator of the deceased obligor, as against the survivor. Rev. Stat. 1879, secs. 658, 659. Partnership obligations are within the letter and spirit of this statute. *Gates v. Watson,* 54 Mo. 585 ; *County Savings Bank v. Cottey,* 70 Mo. 150 ; *Bryant v. Hawkins,* 47 Mo. 410. As was said by Judge Wagner, in the case last cited : "The principle is universal that no dissolution of any kind will affect the rights of third parties who have had dealings with the partnership, without their consent."

Applying these plain principles to the facts before us, and the following conclusions are inevitable : The promise of the two McAllisters to pay plaintiff's claim out of the recovery was joint and several, and the death of either could not absolve the other from individual liability in its fulfilment. The event upon which the money became payable has occurred, and if plaintiff's testimony is true the defendant is liable.

The cases cited by defendant have no application. He is not sued upon the promise of the dead man, but upon his own, from which the death of his coöbligor could not relieve him.

Judgment reversed and cause remanded. All the judges concur.