THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Respondent, v. JOSEPH P. LANDIS, Appellant.

### Kansas City Court of Appeals, May 16, 1892.

1. **Conveyances:** QUITCLAIM DEED PASSES WHAT: CONSIDERATION. The grantee in a quitclaim deed takes only what the grantor can convey, whether that be something or nothing; and such deed is a good consideration for a note whether any title passes or not.

2. **Principal and Surety:** DISCHARGE OF SURETY. Although the holder of a note has the same allowed against the solvent estate of the principal and permits the same to be distributed to the heirs without the payment of the allowance, it will not discharge the surety. Mere inactivity or passive neglect will not serve to discharge the surety, but there must be some active agency as the release of a specific lien.

3. ———: ———: JUDGMENT NO BAR. The obligation created by a note is joint and several, and judgment against the principal is no bar to an action against the surety.

*Appeal from the St. Clair Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Johnson & Lucas*, for appellant.

(1) The consideration for the note failed, and although only a quitclaim deed was given this does not debar appellant from his claim of failure of consideration. (2) In equity and good conscience, the respondent ought not to maintain this action against appellant. It had a valid judgment against the principal maker of the note, and permitted the estate to be finally settled, and the assets distributed to the heirs, and thereby deprived appellant of presenting the same and collecting from the principal maker of the note. *Grube v. Stille*, 61 Mo. 473; *Bank v. Leavitt*, 65 Mo. 568; *Hess*

*v. Powell,* 29 Mo. App. 411; Brandt on Suretyship, secs. 387, 388; *Priest v. Watson,* 75 Mo. 310; *Lowell v. Bank,* 78 Mo. 67; *Blydenburg v. Bingham,* 98 Am. Dec. 49; *Roberson v. Roberts,* 83 Am. Dec. 307. And for the reason above cited defendant's instructions, numbered 1, ought to have been given, and plaintiff's, numbered 3, refused. (3) The judgment against the Johnson estate was a bar to the action against appellant. Brandt on Suretyship, page 457, section 340, lays down the doctrine as follows: There is no rule better settled than that a judgment against one, on a joint contract of several, bars the action against the others, even though the latter were dormant partners, unknown to the plaintiff, when the original action was brought.

*Neal & Duckworth,* for respondent.

(1) "A quitclaim deed does not pass any more title than the grantor has, and does not give the one who claims under it the rights of a *bona fide* purchaser without notice. If, therefore, one takes such a deed and pays a consideration for it, and the title fails, he has no remedy against the grantor in the absence of fraud on his part." 3 Washburn on Real Property [4 Ed.] sec. 607; *May v. LeClair,* 11 Wall. 232; *Thorp v. Coal Co.,* 48 N. Y. 253; *Ridgway v. Holliday,* 59 Mo. 444; *Stivers v. Horne,* 62 Mo. 473; *Mann v. Best,* 62 Mo. 491; *Austin v. Loring,* 63 Mo. 19; *Stoffel v. Schrœder,* 62 Mo. 147. (2) A judgment against one obligor is no bar to an action against the other. *Armstrong v. Prewitt,* 5 Mo. 477; *Hickman v. Hollingsworth,* 17 Mo. 475; *Bank v. Cottey,* 70 Mo. 150. Nothing but payment will discharge the indorser after his liability has been fixed by demand, notice and protest. 2 Parsons on Bills & Notes, 243, 244; Baylie on Suretyship &

Guaranty, 472, 473; 2 Randolph on Commercial Paper, sec. 477, and authorities cited.

ELLISON, J.—This suit is here on defendant's appeal, and is based on a promissory note executed by defendant as surety for Waldo P. Johnson. The note was given for the purchase money of certain real estate sold and conveyed to Johnson by quitclaim deed. Johnson's grantor had no title, and no interest in the land passed by the quitclaim deed. Defendant contends that there was no consideration for the note. The contention is not sound. The grantee in a quitclaim deed takes only what the grantor can convey (*Mann v. Best*, 62 Mo. 491), whether that be something or nothing. He buys whatever right or title the grantor may have, and will not be heard to complain if it should turn out that the grantor had no interest. As well might the grantor complain if it should develop that he had conveyed a perfect title. So it is declared to be the law that if no title is conveyed the grantee has no remedy, in the absence of fraud. Tiedeman on Real Property, sec. 781; 3 Washburn on Real Property, sec. 607. From these considerations, it is clear that a quitclaim deed to land is a good consideration for a note, whether any title pass by the deed or not.

II. Johnson died, and plaintiff had the note allowed against his estate, which it is admitted was solvent and that sufficient property to have paid the note was distributed among his heirs. It was, however, not paid. Defendant insists that he, being a surety, is discharged by plaintiff not collecting the note. We will rule this point' also against defendant. The point involves the question whether when the creditor obtains a judgment against his principal debtor which he could collect by process, or by diligence, he discharges the surety by failing to collect? If a creditor have a specific

lien against property of the principal sufficient to satisfy the debt, and releases it, he will discharge the surety. *Ferguson v. Turner*, 7 Mo. 497; *Rice v. Morton*, 19 Mo. 263; *Lower v. Bank*, 78 Mo. 67; *Priest v. Watson*, 75 Mo. 310. This implies some active agency on the part of the creditor; mere neglect or passiveness will not affect his rights against the surety, in the absence of notice under the statute to sue. Inactivity or failure of the creditor to exert himself to collect will not discharge the surety. As where an execution is in the hands of the sheriff, the plaintiff need not indemnify the sheriff. *Baird v. Rice*, 1 Calls (Va.) 18. So, it is held, that the creditor being indebted to the principal debtor, who is insolvent, may pay such debtor without discharging the surety, notwithstanding the creditor might have set off his claim against the debtor if he had been sued. *Glazier v. Douglas*, 32 Conn. 393. Where a party gave his note with surety for stock of a fire insurance company, the charter of which provided that it might, at its option, prevent the transfer of the stock and retain the dividend of any stockholder who was indebted to it, the maker of the note sold his stock, and it was transferred on the books of the company without the note being paid; it was held the surety was not released. 2 Brandt on Suretyship, sec. 430, citing *Perrine v. Ins. Co.*, 22 Ala. 575.

In the case at bar, plaintiff did not do anything to defendant's injury. The only action plaintiff took was to obtain an allowance of the note in the probate court. This act of itself could not work an injury to defendant. If the creditor finds himself possessed of a specific lien for the security of the debt, the property upon which the lien is is a fund under his control for the benefit of the surety as well as himself, and he must apply it as a trustee for the surety. 2 Brandt on Suretyship, sec. 426. But in this case plaintiff obtained no

specific lien on any property by the probate allowance, and, if he had, nothing was released by any interference of his. Passive neglect on part of the creditor to collect the debt out of collateral securities held by him, or neglect to obtain property for security which might have been obtained with more effort, will not discharge the surety. *Wasson v. Hodshire*, 108 Ind. 26; *Otis v. Von Storch*, 15 R. I. 41. In the latter case it was held that the release of property must be of such as is actually acquired. In the former case it is quite aptly stated (especially in view of the privilege our statute gives the surety of notifying the creditor to sue) that, "so long as the surety chooses to remain passive, the creditor may also remain passive." In a case, quite applicable to this, it was held that a creditor may permit his judgment against the principal to expire without releasing the surety. *United States v. Simpson*, 3 Pen. & Watts, 437. This case has, in effect, the direct approval of the supreme court of this state in the language found on page 284 of *Rice v. Morton*, *supra*.

III. There is nothing in the point made that the judgment in the probate court against the principal debtor was a bar to this suit against the surety. The obligation created by the note was joint and several, and a judgment against the one is no bar to an action against the other. *Armstrong v. Prewitt*, 5 Mo. 477; *Hickman v. Hollingsworth*, 17 Mo. 475; *Knox Co. v. Cottey*, 70 Mo. 150.

We have discovered no error in the cause and affirm the judgment. All concur.