GEORGE W. MYERS ET AL. V. FARMERS STATE BANK OF
EMERSON.

FILED FEBRUARY 17, 1898.   No. 7815.

1. Note: AVERMENT OF TRANSFER. A petition on a promissory note
alleged that the owner and holder of the note indorsed and de-
livered it to the plaintiff. *Held,* Equivalent to an express aver-
ment that the owner thereby transferred the title to the indorsee.

2. Principal and Surety: NOTE: CHATTEL MORTGAGES. Where the
maker of a note secures its payment by chattel mortgage and the
payee of the note indorses and delivers it to a third party, his
failure to seize the mortgaged property for the purpose of satis-
fying the note even though requested so to do by the sureties of
the maker will not of itself discharge them. (*Huff v. Slife,* 25 Neb.
448; *Eickhoff v. Eikenbary,* 52 Neb. 332.)

ERROR from the district court of Dixon county.   Tried
below before NORRIS, J.   *Affirmed.*

*Jay & Daley,* for plaintiffs in error.

*J. J. McCarthy* and *J. C. Robinson, contra.*

RAGAN, C.

In the district court of Dixon county the Farmers State
Bank of Emerson, Nebraska, recovered a judgment
against J. F. and R. R. Myers on certain promissory
notes.   To review this judgment the Myerses have filed
here a petition in error.

1. The first argument is that the verdict is not sup-
ported by sufficient evidence.   The bank in its petition

alleged that George W. Myers, J. F. and R. R. Myers executed and delivered the notes sued on to one John Kirwin, and on the date of the execution and delivery of these notes to him he indorsed and delivered them to the bank, guarantying in writing the payment thereof. J. F. and R. R. Myers, as a defense to the action, admitted the execution and delivery of the notes sued on, but alleged that they were sureties for George W. Myers; that he had given the notes to Kirwin as a part of the purchase price for a certain race horse warranted by the vendor to have great speed and to be a sound horse; that the warranty had failed; that Kirwin as a matter of fact, and not the bank, was the owner of the notes sued on; that George W. Myers executed a chattel mortgage to Kirwin on the horse to secure the payment of the notes in suit, and that the mortgagor, with the consent of Kirwin and the bank, had removed the mortgaged horse out of the state, and that neither the bank nor Kirwin had made any attempt whatever to collect the notes by seizure and sale of the mortgaged property; and that the bank knew that the plaintiffs in error were only sureties for George W. Myers. The evidence shows, without contradiction, that the bank purchased these notes in the ordinary course of business for a valuable consideration before their maturity, and without any knowledge that Kirwin had warranted the horse sold to George W. Myers, if such a warranty was made. If the fact is at all material here, we think the evidence fails to show that the plaintiffs in error were sureties on these notes. The evidence does not show that the mortgagor of the horse removed him out of the state or jurisdiction of the court with the knowledge or consent of the bank, if that fact is at all material here. The evidence does tend to show that the plaintiffs in error requested the bank to take possession of the mortgaged horse and dispose of him for the purpose of raising money to satisfy the note sued on, and that the bank neglected to do so. That question we will notice later. But the evidence sustains the finding

of the jury that the bank purchased the notes in suit in the usual course of business before maturity, for a valuable consideration, without notice of any defense which the makers thereof had against the notes in the hands of the original payee.

2. A second argument is that the petition does not state a cause of action. The argument is founded upon the fact that the petition does not expressly allege that the bank is the owner of the notes. The petition alleges the execution and delivery of the notes by the Myerses to Kirwin and then alleges: "On the same day * * * Kirwin indorsed said note and delivered it to plaintiff. * * * The following is a copy of said note with the indorsement thereon." Here follows copy of the note, and then the indorsement in this language: "For value received I hereby guaranty the payment of this note. * * * John Kirwin. No part of said note has been paid and there is due the plaintiff from defendants on this note the sum of $——." We think these recitals of the petition are equivalent to an express averment that the plaintiff was the owner and holder of the note. The averment that the owner and holder of the note indorsed and delivered it to the plaintiff implied that he thereby transferred the title of the instrument indorsed.

3. During their deliberation the jury came into court and stated that they had found from the evidence that the mortgagor had removed the mortgaged horse out of the state and that the plaintiffs in error had requested the bank to cause this mortgaged horse to be seized and returned to the state, and that the bank had neglected to do so, and they then propounded to the court this question: "Now the point of law upon which we would like to be informed is as to whether said J. F. Myers is still responsible after making this request." The court answered the query in writing as follows: "The evidence shows that all signers of the notes are makers, and the answer to your question is, yes." This action of the court is now assigned for error. The first complaint is

that the court in this answer to the jury assumed and decided that the plaintiffs in error were makers of the notes in suit, and not sureties thereon, and that this was one of the issues in the case; but as to whether they were sureties was a question of fact for the jury. As already stated, we think the undisputed evidence shows that these plaintiffs in error were makers of the notes, not sureties; but if they were sureties, and the court committed an error in saying that they were makers, the error was without prejudice to the plaintiffs in error, as, under the undisputed evidence in the case, they were liable on this note whether they were sureties or makers, and the effect of the instruction of the court was to tell the jury that the plaintiffs in error were liable upon this note notwithstanding the fact that they had requested the bank to cause the mortgaged property to be brought back into the state and the bank had neglected to do so. Where the maker of a note secures its payment by a chattel mortgage, and the payee of the note indorses and delivers it to a third party, the failure of the indorsee to seize the mortgaged property for the purpose of satisfying the note, even though requested so to do by the sureties of the maker, will not discharge them. (*Huff v. Slife*, 25 Neb. 448; *Eickhoff v. Eikenbury*, 52 Neb. 332.)

JUDGMENT AFFIRMED.