FELKNER v. SMITH et al.

No. 5004.   Decided March 12, 1931.   (296 P. 776.)

*Hutchinson & Hutchinson,* of Salt Lake City, for appellants.

*Rawlings & Wallace,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

This is an action founded upon a negotiable promissory note. Judgment was rendered in favor of the plaintiff and against both of the defendants for the amount owing upon the note, together with costs and attorney's fee. The defendant M. B. Johnson alone prosecutes this appeal. The plaintiff has filed a motion to dismiss the appeal upon the grounds that an undertaking on appeal was not filed within five days after the service of notice of appeal as provided by Comp. Laws Utah 1917, § 6996, and for the further reason that said appeal was not perfected and the transcript not filed in this court within thirty days after perfecting the appeal, as provided by Comp. Laws Utah 1917, § 7009. The record shows that judgment was rendered in the cause on November 13, 1929. A motion for a new trial was denied on December 3, 1929. On January 9,

1930, a notice of appeal was served upon counsel for plaintiff, and on January 15, 1930, the notice of appeal was filed in the district court in the cause. On January 22, 1930, defendant filed in the cause an undertaking on appeal. Thereafter, on February 19, 1930, a second notice of appeal was served, and on that day such notice together with a second undertaking on appeal were filed. The transcript on appeal was filed in this court on February 26, 1930. It will be observed that the first undertaking was not filed within five days after the first notice of appeal was served and filed, and that the transcript on appeal was not filed within thirty days after the first notice of appeal was served and filed. It will further be observed that the transcript on appeal was filed in this court within thirty days after the second notice of appeal was served and filed, and that the undertaking on appeal was filed on the same day that the second notice of appeal was served and filed. We can perceive of no good reason why the appellant may not abondon his first attempted appeal and rely upon his second notice and undertaking. Respondent has cited no cases which hold to the contrary. The second notice of appeal was within time, and, considering the appeal before us as being founded upon the second notice, the appeal was regular in all respects. The motion to dismiss the appeal is denied.

As to the merits, the appellant claims that he is relieved from liability on the note sued upon because such note was secured by a chattel mortgage upon cattle belonging to the defendant Smith, and that the plaintiff abandoned and deserted the mortgaged property, and thereby released the appellant from liability on the note because he was merely an indorser thereof. The evidence shows these facts: That on July 23, 1925, Fred A. Smith made, executed, and delivered to the plaintiff a negotiable promissory not for the principal sum of $560.25. The note was made payable at Salt Lake City, Utah, on or before one year from the date thereof. It provides for 8 per cent interest from date and for a reasonable attorney's fee in case it is collected by an

attorney. The note was secured by a chattel mortgage on seventy-five head of cattle belonging to the defendant Smith. The mortgaged cattle were in the possession of the defendant at Morgan county, Utah. The mortgage provided that the cattle may remain in the possession of Smith, the mortgagor, who agreed not to remove them from Morgan county, Utah. The money for which the note and mortgage were given was loaned by the plaintiff to the defendant Smith at the solicitation of the appellant, who indorsed the note in blank before the plaintiff loaned the money. The mortgage was duly recorded in the office of the county recorder of Morgan county, Utah. On October 2, 1928, the plaintiff caused to be recorded in the office of the county recorder of Morgan county, Utah, her affidavit showing that the debt secured by the mortgage had not been paid. Before this action was brought, the defendant Smith sold all of the mortgaged cattle, and removed to the state of Idaho. The cattle covered by the mortgage were worth considerable more than the amount of the note sued upon in this action. The appellant testified that in February, 1927, he went to Morgan county and there inquired from the defendant Smith about the cattle that were mortgaged to the plaintiff, and that upon his return he asked the plaintiff to foreclose her mortgage. Some months later the appellant wrote a letter to his attorney concerning the foreclosing of a mortgage given to secure a note held by him and signed by the defendant Smith. In that letter he also suggested that action be taken to protect plaintiff's loan and collect the interest thereon. A copy of the letter so written by appellant to his attorney was sent to the plaintiff. The plaintiff refused to permit respondent's attorney to foreclose her mortgage, and she failed to bring any action for the collection of the money owing to her on the note here involved until after the defendant Smith had sold the cattle covered by the mortgage and left the state. It is appellant's contention that under these facts he was released from liability on the note. The respondent contends to the contrary. In support of appellant's position he cites

the following cases and authorities: *Atlanta National Bank* v. *Douglass,* 51 Ga. 205, 21 Am. Dec. 234, where it was held that, where the defendant indorsed a note for the accommodation of the maker, who also gave the payee a mortgage as further security pursuant to an agreement between all the parties, and the payee failed to have the mortgage recorded, and afterwards canceled the mortgage and took another mortgage, the defendant indorser was released from liability. *Priest* v. *Watson,* 75 Mo. 310, 42 Am. Rep. 409, where it was held that, where one recovers a judgment against the maker of a note, and levied upon sufficient property of such maker to pay the judgment, and thereafter released the levy, the accommodation indorser of the note was released from liability. *Pitts* v. *Congdon,* 2 N. Y. 352, 51 Am. Dec. 299, where it was held that an indorser for value is discharged by any dealings between the holder and the principal debtor which defeats the indorser's remedy on the instrument. But he has no claim on collateral security which the holder may have taken on his own account from the principal, and therefore no remedy of his is prejudiced by its surrender. *Spies* v. *National City Bank,* 68 App. Div. 70, 74 N. Y. S. 64; Id., 174 N. Y. 222, 66 N. E. 736, 61 L. R. A. 193, where it was held that, where the effect of a transaction was by the law of a foreign state to relieve the maker from all liability on the note, such note could not be enforced in New York against the indorser. Stearns on Suretyship (3d Ed.) p. 137, where it is said:

"If the creditor has in his possession property of the principal as an additional security for the debt, or has acquired a lien upon the property of a principal, the creditor at once becomes charged with the duty of retaining such security, or mantaining such lien in the interest of the surety, and any release or impartment of this security as a primary resource for the payment of the debt, will discharge the surety to the extent of the value of the property or lien released."

And further on page 140, that:

"It is the duty of the creditor to exercise ordinary diligence in preserving the securities in his control which are applicable to the

debt for which another is surety or guarantor. The consequences to the promisor are the same whether such securities are voluntarily released, or are lost or destroyed through the carelessness or negligence of the creditor, and the promisor has the right to require the creditor to exercise the same care in protecting this property in his interest, as a prudent man would exercise in his own interest.

"If the creditor leaves the property unprotected so that it is stolen or destroyed, he must answer to the surety for its value. The use of ordinary care will, however, relieve the creditor from liability to the surety for stolen or lost securities."

The respondent cites the following cases and authorities in support of her contention: *Myers* v. *Farmers' State Bank,* 53 Neb. 824, 74 N. W. 252, 253, where it was held that:

"Where the maker of a note secures its payment by a chattel mortgage, and the payee of the note indorses and delivers it to a third party, the failure of the indorsee to seize the mortgaged property for the purpose of satisfying the note, even though requested so to do by the sureties of the maker, will not of itself discharge them."

*First National Bank* v. *Powell* (Tex. Civ. App.) 149 S. W. 1096, where it was held that, when the indorser of a note consents to the sale of personal property given to secure such note, the indorser so consenting is not relieved from liability, unless the security is lost by some affirmative act of the holder of the note and mortgage. *Fuller et al.* v. *Tomlinson Bros.,* 58 Iowa, 111, 12 N. W. 127, where it was held that:

"Where the holder of negotiable paper, who has a lien upon personal property for security, but is charged with no responsibility for its custody or care, fails to enforce his lien and the security is lost, such failure cannot be set up as a matter of defense by a surety or guarantor."

*Day* v. *Elmore,* 4 Wis. 190, where it was held that:

"The guaranties were not required by the condition of the contract of guaranty, to foreclose the chattel mortgage; no request of the guarantor to that effect, can enlarge the scope of their duties beyond the terms which the law implies in all contracts of that kind."

*Sheldon* v. *Williams,* 11 Neb. 272, 9 N. W. 86, where it was held that:

"The mere failure of a creditor to institute an action against the principal debtor at the time the debt becomes due will not discharge the surety."

*Grisard* v. *Hinson,.* 50 Ark. 229, 6 S. W. 906, where it was held that:

"The principal debtor on a promissory note, payable to the plaintiff, and on which the defendant was surety, to secure its payment executed to the plaintiff a mortgage on a crop of corn which was never in the possession, or under the control of the plaintiff. On the maturity of the note the defendant took no steps to compel the plaintiff to foreclose the mortgage, or to proceed against the principal debtor in the ordinary course of law, nor did he take any other means to entitle himself to the control of the mortgage. The corn was afterwards used or disposed of by the mortgagor. The defendant having stood passively by until the corn was used, he is not entitled because of its loss to be exonerated from any part of his liability to pay the note."

*Carver* v. *Steele,* 116 Cal. 116, 47 P. 1007, 58 Am. St. Rep. 156, where it was held that:

"In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or indorser, even though his passivity in this regard may result in barring his remedy against the principal debtor. * * *

"The promise of the indorsers of a note secured by mortgage is distinct from the promise of the maker of the note and mortgage, and the loss of personal remedy against the maker of the note, or of the lien of the mortgage, in consequence of the nonaction of the mortgagee, is of not moment, so far as regards the liability of the indorsers of the note."

*Stearns on Suretyship* (3d Ed.) pp. 141, 142, where it is said:

"The rule in this class of cases cannot properly be extended to cover loss by mere delay in enforcing liens, although the delay renders ineffective securities that might have been applicable to the debt if an earlier action had been taken. While the promissor may be discharged if the creditor fails to file a mortgage given him by the

principal, yet he is not discharged by the failure of the creditor to foreclose the mortgage.

"The duty of filing a mortgage results from the fact that the instrument which evidences the lien is within the sole custody and control of the creditor, with no opportunity open to the promisor to protect himself, but after the lien is created and made effective against intervening liens by filing, the promisor has the privilege of paying the debt and becoming subrogated to the right of the creditor, thereby being placed in a position to prosecute his own fore-closure.

"Again, a creditor is under no obligations to take active measures of selling securities pledged for the debt, although having notice of their probable depreciation by delay, and having acquired a lien by judgment upon the property of the principal, the creditor may suffer the same to become dormant or expire by limitation without impairing his rights against the surety."

3 R. C. L. 1121, par. 337, where it is said that:

"An accommodation indorser who has satisfied the demands of the holder is entitled to recover from the maker * * * and if he desires the benefit of any security held by the creditor, he must pay the debt, fulfill the contract, and enforce the right of subrogation to the holder as to the securities held by him."

3 R. C. L. 1273, Bills and Notes, par. 503, where it is said that:

"The prevailing view is that in general unless some agreement or special circumstances impose diligence upon the holder as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or endorser, even though his passivity in this regard may result in barring the indorser's remedy against the ultimate debtor. * * * The remedy of the surety is to pay the debt himself to the holder, and then bring his action against the principal, if he fears loss from insolvency of his principal. Further-more it is established by sound authority that a surety, when the debt becomes due, may come into a court of equity to compel a holder to sue for and collect the debt of the principal."

3 R. C. L. 1280, par. 511, where it is said:

"It is generally held that, after the liability of an indorser is fixed, the failure of the holder to exhaust collateral will not affect his right to pursue the indorser, and the rule is that the holder loses

no rights against the indorser, whose liability has become fixed, by simple failure to enforce his lien against property mortgaged for security of the debt."

The rule of law deducible from the authorities is that the appellant was not relieved from his liability on the note sued upon in this case merely because the plaintiff did not foreclose her mortgage upon the cattle which were at all times in the possession of the defendant Smith. The adjudicated cases are all to the effect that an indorser of a note is not relieved from liability merely because the holder does not foreclose a mortgage given to secure the payment of a note where the mortgaged property is not, and has not been, in the possession of the holder. If appellant in this case wished the mortgage foreclosed, he could have accomplished that result by paying the amount owing on the note and then he himself foreclose it.

It is suggested in the assignment of errors that the plaintiff should not recover because she did not timely present the note to defendant Smith for payment, and did not timely serve her notice of nonpayment on the appellant. That assignment of error is not argued in appellant's brief, and therefore it is deemed waived. Moreover, it appears that the money was loaned at the solicitation of appellant, and there is evidence which tends to show that the appellant, long after the note become due, promised to pay the same. Such a promise may well be said to be a waiver of presentment for payment and notice of nonpayment.

The judgment is affirmed. Respondent is awarded her costs.

CHERRY, C. J., and STRAUP, FOLLAND, EPHRAIM HANSON, JJ., concur.