——o——

Isaac Wickersham, Plaintiff in Error, vs. M. W. Johnson, et al., Defendant in Error.

51 313
35a 447

1. *Judgment of Circuit Court—Pleading as to allegations concerning.*—In pleading the judgment of a Circuit Court, it is not necessary to aver that it gave a valid judgment. The mere allegation that it gave judgment is sufficient.

2. *Damages—Land—Sale of—False Representations* Semble that persons conspiring together by their false and fraudulent representations, causing land to be sold at a sacrifice, will be liable in damages for the injuries done.

*Error to Laclede Circuit Court.*

*R. P. Bland,* for Plaintiff in Error.

*Phelps and Young,* for Defendants in Error.

WAGNER, Judge, delivered the opinion of the court.

The petition alleged that the defendant, Johnson, with others, obtained a judgment against the plaintiff in the Circuit Court of Laclede county, and that execution was issued thereon, and the same was levied upon lands of the plaintiff therein specified; that the defendants caused the sheriff to sell the lands in gross, and not according to the lowest legal sub-divisions, and that Young, acting as attorney for Johnson, and conspiring with him for the purpose of defrauding plaintiffs, represented to the sheriff and to bidders at the sale, that he held liens on the property to the amount of about eight hundred dollars that would have to be discharged and satisfied before a title would be acquired, and before any valid sale could be made, and that these representations were particularly made to one James Mahan, who intended to bid at the sale. It is further alleged that in order to prevent Mahan and others from bidding for the property at the sale, defendants agreed to and with Mahan that if he would not bid, defendants would bid it in for him and let him have it upon the payment of the execution, and the further sum of eight hundred dollars, to defendants. That on account of said conspiracy, Mahan and others were prevented from bidding at the sale, and that the property was sold to the defendants for a nominal sum, and that they caused the deed to be made to Mahan, he paying off the execution and the additional sum of eight hundred dollars. The petition then avers that Young had no claim or lien of any character whatever upon the property, and that the representations were made for the purpose of defrauding plaintiff and depriving him of his property; that the property was worth fifteen thousand dollars, and that by virtue of his deed, Mahan went into possession of the property, and the same became and was a total loss to plaintiff; in consideration of which he asks judgment for damages.

To this petition defendants demurred and assigned as causes of demurrer, that the petition did not show that the judgment mentioned, under which the alleged sale took place was a valid judgment, or that the defendant in the judgment was ever served with process; that if the facts stated in the petition were true, the sale was voidable.

The court sustained this demurrer and gave judgment thereon and the plaintiff sued out his writ of error.

The first point assigned in the demurrer is unavailing. The Circuit Court is a court of general jurisdiction, and in pleading it is only necessary to allege that it gave judgment, and that it had jurisdiction in the case will be presumed. Our statute has even gone so far as to declare that in pleading a judgment or determination of a court of special jurisdiction, it shall not be necessary to state the facts conferring the jurisdiction, but such judgment or determination may be stated to have been duly given or made. (2 W. S., p. 1020,§ 42.)

Although the sale might have been set aside on motion, it does not thence follow that the plaintiff has no other remedy.

The gist of the allegation is, that he suffered great loss by reason of the defendants conspiring together, and that through their false and fraudulent representations, his property was sacrificed; that they deterred bidders and falsely represented that there was a prior lien of eight hundred dollars on the property, and that they obtained an unconscionable advantage in consequence thereof. If these allegations are sustained, I am inclined to the opinion that he might maintain his action. (See Matlock vs. Bigbee, 34 Mo., 354.)

I think that the judgment should be reversed, and the cause remanded.

The other Judges concur except Sherwood, J., who did not sit.