THE STATE ex rel. GUENTHER v. KING et al., *Plaintiffs in Error.*

**Public Administrator:** PLEADING. A petition in an action by a public administrator against his predecessor in office to recover assets not accounted for, sufficiently shows a right of recovery in the plaintiff, when it avers that the court of probate has ordered defendant to pay and deliver the same to plaintiff, and that defendant, upon demand made, has refused to comply with the order. It is not necessary that it should further aver that the estate has been fully administered, or that defendant has been discharged in the ordinary course of law as other administrators.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Charles A. Winslow* for plaintiff in error.

*Belch & Silver* for defendant in error.

NORTON, J.—This is a suit at the relation of Charles G. Guenther, public administrator of Cole county, upon the bond of Austin A. King, his predecessor in office, to recover a balance alleged to be in his hands at the expiration of his official term, belonging to the estate of George

Maus, deceased, the administration of which estate the said King had commenced during his term. Plaintiff had judgment in the circuit court, from which defendants have appealed, and the sole question presented in their motion in arrest of judgment relates to the sufficiency of the petition.

The petition, after alleging the appointment of King as public administrator and the execution of the bond sued upon, states that afterward, on the——day of——, 186—, the said Austin A. King, by virtue of his said office, did take into his charge and custody the estate of George Maus, who died intestate about the——day of——, 186—, and did proceed to administer upon the said estate; that, in the course of the administration on said estate by the said King, he received into his hands a large amount of assets belonging to said estate, and collected a large amount of money belonging to said estate; that of the said sum, so collected, said King failed to pay over or account for the sum of $250, although the county court did, by its order, order and direct said King to pay and deliver the same to Charles G. Guenther, which said order was made on the 12th day of November, 1875, and demand thereof made by the said Guenther, after the date of said order, and the said King wrongfully and in violation of the terms and condition of said bond, failed to pay or deliver the same; that, on the 3rd day of November, 1874, he was duly elected public administrator in and for the county of Cole, and State of Missouri, and qualified and entered upon the duties of said office; that afterward, to-wit, on the 12th day of November, 1875, the said county court of Cole county, Missouri, having jurisdiction of the estate of said intestate, George Maus, ordered the said Guenther, as said public administrator, to take charge thereof; that the plaintiff demanded the said money and assets of said estate from the said King, as aforesaid. Wherefore he says a right of action hath accrued to plaintiff.

The breach of the bond sued upon is properly averred.

It is contended that King, as public administrator, having taken charge of the estate of said Maus during his term, had the right (under section 12, 1 Wagner's Statutes, 122), notwithstanding the expiration of his term, to continue to have charge of said estate until he had fully administered it, or until he had been discharged in the ordinary course of law as other administrators; and that before the county court could order said estate into the hands of his successor, or order him to pay over and account to his successor for whatsoever was in his hands, it must first have discharged him in the ordinary course of law as other administrators. The section referred to so reads. Conceding this to be so, and further conceding (without deciding the question) that section 25, 1 Wagner's Statutes, 124, which provides that courts " having probate jurisdiction may at any time order the public administrator to account for and deliver all money, property or papers, belonging to any estate in his hands, to his successor in office, or to the heirs of said estate, or to any executor or administrator regularly appointed as provided by law;" does not qualify section 12, *supra,* so as to allow an order to be made requiring a public administrator to turn an estate in his hands at the end of his term to his successor, until he has been discharged in the ordinary course of law as other administrators, the fact still remains that courts having probate jurisdiction could rightfully order such administrator, in the event of his being discharged as other administrators are discharged, to pay over and account to his successor for whatever might be in his hands. And as it is averred in the petition, that the county court of Cole county did order plaintiff, as the successor of King, to take charge of the estate of said Maus, and did order the defendant King to pay over to plaintiff, as his successor, the sum of $250 belonging to said estate, which he failed upon demand to do, the petition sufficiently sets forth a cause of action, as in pleading the orders of the county court it was not necessary to aver all the facts upon which

the orders were based. It is expressly provided in section 42, 2 Wagner's Statutes, 1020, that " in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring the jurisdiction, but such judgment may be stated to have been duly made." *Wickersham v. Johnson*, 51 Mo. 313. Since the petition avers that the county court did make the orders therein stated, and since said jurisdiction to make them existed, under the authority of the case of *Johnson v. Beazley*, 65 Mo. 250, the presumption is to be indulged that every prerequisite necessary to the exercise of the jurisdiction had been complied with. Judgment affirmed, in which all concur.