## BLACKWELL v. GLASS

1. EVIDENCE: *Practice in other States. how proved.*
   Matters of practice in another State may be proved by the testimony of lawyers skilled in the laws, usages and practice of the State.

2. EVIDENCE: *Of Justice's judgment from another State.*
   A. Justice's judgment from another State can not be proved by a certified copy of his minutes like a certified transcript from a court of record. The original minutes must be [produced, or a copy verified by the testimony of witnesses who have compared it with the orignal.

APPEAL from *Yell* Circuit Court.

Hon. H. S. CARTER Special Judge.

14——43

*W. D. Jacoway* for appellant.

The return endorsed on the summons was signed by a "Deputy Sheriff," without disclosing the name of his principal, and is *void. Freeman on Judgments 3d Ed. Sec.* 521; 1 *Ark.* 268.

The record was not duly authenticated. *Act of Cong. May 20th* 1790; *Hempst.* 538. Judgments of Justices of the Peace are not within the Act of Congress, 1 *Gr. on Ev. Sec.* 505 *and note 6 ; Gantts Dig. p.* 136, *note b. &c.;* 5 *Wend.* 148*; 21 Am. Dec.* 172; *Freeman on Judg. p.* 134 *note* 1, 3d *Ed. and* 577; 13 *Ark.* 33.

Justice's Judgments must be proved by the oath of witnesses who have compared the copy produced with the original. *Freeman on Judg. Sec.* 577; *Gr. on Ev.* 13th *Ed. Vol.* 1 *Sec.* 513.

*Harrison & Crownover* for appellee.

The service by the " Deputy Sheriff " was complete and good. *St. of Tenn. Sec.* 4147; and it was proper to prove the laws, customs, practice &c. by the testimony of lawyers skilled in the laws of that State as was done in this case. 17 *Ark.,* 154 ; 11 *Ib.* 157 ; 10 *Ib.* 516 ; 12 *Ib.* 672.

The transcript was sufficiently and properly authenticated, and was conclusive as to all matters except jurisdiction of the person and subject matter. 35 *Ark.,* 331 ; 11 *Ib.* 368 ; 12 *Ib.* 756 ; 13 *Ib.* 431 ; *Morris v. Curry MS.*

The Statutes of Tenn. introduced and the evidence of skilled atty's. showed jurisdiction of the subject-matter, and the summons and return show service, giving jurisdiction of the person.

As to the conclusiveness of judgments in Sister States, see 13 *Ark.,* 436 ; 2 *Chitty Pl., top p.* 243, 244 ( 6 *Am. Ed* ); 3 *Am. Law Reg. p.* 110 ; 4 *Ib.* 8 ; 12 *Ib. p.* 45.

SMITH, J. This was an action upon a judgment render-

Blackwell v. Glass.

ed by a Justice of the Peace in the State of Tennessee. The defendant pleaded *nul tiel* record, that the supposed judgment was rendered without any notice to the defendant, that the Justice of the Peace had no jurisdiction of the person of the defendant, nor of the subject-matter of the action, and *nil debet*. On the trial the plaintiff read in evidence what purported to be a certified copy of the proceedings and judgment of the Justice, authenticated under the Act of Congress of May 20, 1790.

The introduction of the transcript was resisted by the defendant. One objection was, that the return of the process designed to bring the defendant before the Justice was signed by a person who describes himself as Deputy Sheriff without disclosing the name of his principal.

<div style="float:right">1. E V I -
DENCE:
Proof of
practice in
other states.</div>

It is a general rule that a deputy has no power to act officially except in his principal's name, *Hyde v. Benson*, 6 *Ark.*, 396 ; *Rowley v. Howard*, 23 *Cal.* 401. But in this case the depositions of practicing attorneys in Tennessee, skilled in the laws, usages and practice of the courts of that State, were taken to prove that such a return was sufficient there to authorize judgment. And as this is a question of local practice, such depositions were competent proof. In *Barkman v. Hopkins*, 11 *Ark.*, 157, it was ruled that it might be proved by witnesses that according to the law, usage, practice and decisions of the courts of Louisana, service of citation upon one partner authorizes proceedings and judgment against the firm. And in *McRea v. Mattoon*, 13 *Pick.*, 39, the Supreme Judicial Court of Massachusetts decided that it might be proved by the evidence of witnesses that, by the law of North Carolina and usage there, the bail was so far a party to the record against his principal as to be bound to take notice of proceedings against him.

A more serious objection to the admission of the transcript is, that the Act of Congress for the authentication of

<div style="float:right">2. SAME:
Of Justice's
judgment in
other states.</div>

judicial records and proceedings does not apply to judgments of Justices of the Peace. The Act directs that the judicial proceedings of other States shall be proved by the certificate of the clerk, authenticated by the signature of the judge. This goes upon the supposition that the court whose proceedings are to be thus authenticated, is so constituted as to admit of such officers. And it has been held to follow that the adjudications of Justices of the Peace, who do not record their proceedings formally through a clerk, are not within the act, either as it regards the means of authentication, or their effect when proved. The judgment of a Justice of the Peace of a Sister State must consequently be proved by the production of the original minutes, or by the oath of witnesses who have compared the copy produced in evidence, 1 *Gr. Ev. Sec.* 505,515 ; *Freeman on Judgments, Sec.* 577 ; 2 *Am. Lead. Cas. 5th Ed.* 660, note to the case of *Mills v. Durgee* and *McElmoyne v. Cohen.*

The Circuit Court erred in the admission of the transcript without due proof of its authenticity, and its judgment, which was against the defendant, is for that reason reversed and the cause remanded for another trial.