John B. Etz, Respondent, v. R. T. Wheeler, Appellant.

### St. Louis Court of Appeals, November 23, 1886.

1. FOREIGN JUDGMENT—PLEADING AND EVIDENCE.—The provisions of the federal statutes on that subject do not exclude the common law method of proving foreign judgments.

2. PLEADING—JURISDICTION, HOW PLEADED.—It is sufficient under the statute, in pleading the judgment of a court of special jurisdiction, to state that jurisdiction has been duly conferred, without stating the facts.

APPEAL from the St. Louis Circuit Court, AMOS. M. THAYER, Judge.

*Affirmed.*

DYER, LEE & ELLIS, for the appellant: Foreign statutes must be pleaded in actions where a recovery is based upon them. *Banchor v. Gregory*, 9 Mo. App. 102; Bliss on Code Pleading, 183; *Sheldon v. Hopkins*, 7 Wendell, 435; 1 Greenleaf on Evidence, par. 488; Wharton on Evidence, par. 300 to 311. .

JOHN D. POPE and JOHN A. LEWIS, for the respondent: When the judgment is rendered in a sister state, the cause of action is merged, and a suit here must be. brought on the judgment. Freeman on Judg., sect. 221; *Henderson v. Staniford*, 105 Mass. 504; Bigelow on; Estoppel, 251; *Eldred v. Bank*, 17 Wall. 545. The copy of the docket of a justice can not be certified under the act of congress, though the judgment itself is conclusive. 1 Wharton on Evidence, sect. 99; 2 *Id.*, . sect. 808; 1 Greenleaf on Evidence, sect. 505; *Pelton v. Planter, supra; Silver Lake Bank v. A. H. Harding, supra.*

THOMPSON, J., delivered the opinion of the court.

This was an action upon a judgment of a justice of the peace of the state of Ohio. The plaintiff had a verdict and judgment. Two points are made by the defendant.

1. The first is that the justice's judgment was not authenticated according to the act of congress, but was proved by the depositions of witnesses according to the common law. No authority is cited in support of the position that the act of congress excludes the common law mode of proving a foreign judgment, and we see no reason for so holding.

2. The other point is that the statute of Ohio conferring jurisdiction upon the justice was not pleaded, and decisions are cited from other jurisdictions to show that in an action upon the judgment of a court of limited or special jurisdiction it is not only necessary to aver that the court had jurisdiction to render the judgment sued on, but also to set forth the statute conferring the jurisdiction. This rule of pleading never had any sense in it, since the essential fact which the plaintiff takes upon himself the burden of proving is that the tribunal had jurisdiction. This, in the case of a tribunal of special and limited powers such as a justice of the peace, he must aver and prove, because he is not aided by any presumption of jurisdiction, such as obtains in the case of a court of general jurisdiction, which presumption would operate to shift the burden to the defendant of showing a want of jurisdiction. But while the plaintiff has always been rightfully required to aver and prove jurisdiction in the case where he claims the right under the judgment of a court of limited or special jurisdiction, there never was any sense in requiring him to plead the statute conferring the jurisdiction, since such a statute is merely evidence of the jurisdiction, and the pleading of it would be merely the pleading of evidential matter. Our code of procedure has repealed the old rule and

settled the law in accordance with common sense by providing (sect. 3551, Rev. Stat.) that, "in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring the jurisdiction, but such judgment or determination may be stated to have been duly given or made." See also *Wickersham v. Johnson*, 51 Mo. 313.

The judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.