STATE OF MISSOURI *ex rel.* JOHN TAYLOR, Respondent, v. CHARLES E. MOSS, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Mandamus:** DEMURRER TO THE RETURN IMPROPERLY SUSTAINED. Where return to an alternative writ of *mandamus* commanding respondent, a county clerk, to issue a dramshop license, first traversed the substantive averments of the writ and added two special defenses, the one, that there was pending in the circuit court a suit by the state at the relation of the relator against the respondent and the sureties on his office bond to recover damages for the failure of the respondent to issue said license, which furnished an ample and complete remedy, etc., and, the other, that this was the second alternative writ of *mandamus* served upon and duly returned by respondent upon the identically same facts set forth in said writ and that the first of said writs was upon the motion of the respondent quashed and held for naught, *held :—*

(1) It was error to sustain a general demurrer to said return because of the traverse contained therein which raised an issue of fact and not of law.

(2) That the proper course for the relator was to have tested the sufficiency of the special pleas by demurrer thereto or motion to strike them out.

(3) And under the code and at common law, it is competent for the respondent to return as many consistent causes to the whole writ or distinct portions of it, as he pleased, and if one of them only be sufficient, no peremptory writ will be awarded.

(4) That the two special defenses, as pleaded, together or singly, afford no excuse for respondent's disobedience.

2. ———: SUFFICIENT PLEADING OF JUDGMENT IN. An allegation in an alternative writ of *mandamus*, that at the August term, 1887, of the county court, etc., a judgment or order granting to said relator a license as a dramshop keeper, etc., which said judgment and order was duly made and given by said county court, was, inasmuch as the county court alone has jurisdiction to grant such license, sufficient as showing the jurisdiction of the court, in view of the provisions of section 3551, Revised Statutes, 1879, which is held applicable to *mandamus* proceedings.

State ex rel. Taylor v. Moss.

*Appeal from the DeKalb Circuit Court.*—Hon. O. M. Spencer, Judge.

REVERSED AND REMANDED.

*S. G. Loring,* for appellant.

(1) The county court being a court of special and limited powers, there is no presumption in law that it had jurisdiction to grant a license to the relator to keep a dramshop, and unless its jurisdiction appears upon the face of its proceedings, its acts are void. *Haggard v. Railroad,* 63 Mo. 303 ; *Schell v. Leland,* 45 Mo. 292 ; *Etz v. Wheeler,* 23 Mo. App. 449 ; *Fisher v. Doves,* 27 Mo. App. 325. (2) In pleading a judgment of a court of limited jurisdiction it is necessary to show that the court had jurisdiction over the person and the subject-matter. The general allegations that the court had jurisdiction is not sufficient. The facts upon which the jurisdiction depends must be stated. Freem. Judg., sec. 454 ; *Etz v. Wheeler,* 23 Mo. App. 449 ; *Turner v. Roby,* 3 Comstock, 193 ; *Barnes v. Harris,* 4 Comstock, 375. (3) The legislature could not have intended that section 3551 of article 5 of chapter 59 of the Revised Statutes, in regard to the pleading of judgments of courts of limited jurisdiction, should apply to writs of *mandamus,* for the reason that it is provided in section 3585 of article 6 of said chapter, that the provisions of this article shall extend among others to writs of *mandamus.* R. S., sec. 3585, p. 613 ; *Smith v. Court,* 19 Mo. 432. This case refers to article 30, section 6, when it should refer to article 6, section 10 of the practice of law, Revised Statutes, 1845, there being no article 30. (4) The court erred in sustaining the relator's demurrer to the appellant's answer and return to said writ. The rule is well settled that by filing a demurrer, the relator admitted the truth of said return. Moses on Mandamus, p. 214. The appellant in said

State ex rel. Taylor v. Moss.

return, after admitting that he was the county clerk of DeKalb county, Missouri, "denied each and every other allegation in said writ contained." Under the law the issues were upon the relator to prove the facts alleged in the writ. R. S., sec. 3551, p. 607 ; R. S., sec. 3258, p. 552.

*Harwood & Miller*, for respondent.

(1) The return to a writ of *mandamus* must respond to all the allegations of the writ. *Gorgos v. Blackburn*, 14 Ohio, 252. And must set forth distinctly all the essential facts relied upon to excuse the defendant from performance of the act sought to be enforced. *Society v. Corn*, 52 Penn. St. 125 ; *State v. Avery*, 14 Wis. 122 ; *People v. White*, 11 Abb. Pr. ( N Y.) 168 ; *State v. Cincinnati*, 19 Ohio, 252 ; *People v. Collins*, 7 Johns ( N. Y.) 549 ; *People v. Burrows*, 27 Barb. ( N. Y.) 89. (2) The statute gives the county court exclusive jurisdiction in the matter of issuing dramshop license. The court is the sole judge under the law as to whether the applicant is a person of good moral character, "and in the exercise of such power they act in obedience to their opinion and judgment." *State v. Evans*, 83 Mo. 319, and the judgment of the county court is conclusive until overthrown by some direct proceeding, and cannot be attacked in a collateral proceeding. *State ex rel. v. Weatherby*, 45 Mo. 17 ; *Jeffries v. Wright*, 51 Mo. 220 ; *Johnson v. Beazley*, 65 Mo. 250 ; *Sims v. Gray*, 66 Mo. 614 ; *Fulkerson v. Davenport*, 70 Mo. 546 ; *Scott v. Crews*, 72 Mo. 263 ; *Gray v. Bowles*, 74 Mo. 423 ; *Henry v. McKerlie*, 78 Mo. 416.

SMITH, P. J.—This was a proceeding by *mandamus* commenced in the circuit court of DeKalb county to compel the respondent, who was the clerk of the county court of that county, to issue to the relator a dramshop license.

The alternative writ of *mandamus* was very lengthy in its recitals and need not be set forth here. The reference made to it later on will serve our present purpose.

The return to the alternative writ denied every allegation therein except that respondent was clerk of said county court.

It set forth two special defenses: (1) That there was pending in said circuit court a suit by the state at the relation of said Taylor, against the respondent and the sureties on his official bond as county clerk, to recover one thousand dollars, and ten dollars per day for the failure of the respondent to issue, to said Taylor, the said dramshop license, which respondent further averred afforded said Taylor an ample and complete remedy for all damages resulting to him on account of the failure to issue said dramshop license. (2) That this was the second alternative writ of *mandamus* served upon him and duly returned by respondent upon identically the same facts set forth in said writ, and that the first of said writs was, upon the motion of the respondent, quashed and held for naught.

The relator demurred to the whole of said return, on the ground that it did not show any cause why respondent should not issue said dramshop license.

The circuit court sustained said demurrer and ordered and adjudged that a peremptory writ of *mandamus* issue.

After an unsuccessful motion to set aside the said order and judgment, respondent prosecuted his appeal here.

I.   The principal question which we have to decide is, whether the circuit court erred in sustaining the relator's demurrer to the respondent's return to the alternative writ.

The demurrer was as broad as the whole return.

It assailed the whole of this pleading without exception.

It went alike to the traverse and the special matters pleaded.

The rule of law is, that when a return consists of a general denial and special pleas in bar and abatement and the latter do not admit facts sufficient to entitle the relator to judgement, a demurrer will not lie. The proper course for the relator was to have tested the sufficiency of the special pleas by demurrer thereto or motion to strike out.

The general denial tendered an issue of fact which the court was not authorized to consider and dispose of on demurrer as if it were an issue of law. *State ex rel. v. Rogers*, 79 Mo. 283.

Tested by the ordinary rules of pleading, so much of the respondent's return as traverses the substantive facts of the alternative writ was sufficient in form and substance. Moses on Mandamus, 210.

Under the practice act it is competent to tender in the answer the general issue and matters of special defense provided they are consistent. *State ex rel. v. Rogers*, 79 Mo. *supra; Rhein v. Montgomery*, 50 Mo. 566; *Nelson v. Broadhack*, 44 Mo. 596; *Little v. Harrington*, 71 Mo. 390.

In High on Extraordinary Legal Remedies, section 452, that author states the law to be that, "If the respondent pleads to the merits of the controversy, instead of relying on the facts which he might properly have pleaded in abatement, he thereby waives his plea in abatement."

And while the pendency of another suit involving the same subject-matter would seem to be a good plea in abatement to the alternative writ, yet the respondent cannot rely upon such plea while he at the same time asks the judgment of the court upon the merits of the controversy, setting up facts upon which he relies as showing that a peremptory writ should not be allowed.

We think the provisions of the practice act are applicable to pleadings and proceedings in *mandamus* like to other civil actions not excepted out of its provisions and that it is competent in the return to the alternative writ to tender the general issue and matters of special defense, provided they be consistent.

Under the practice prevailing in the English common-law courts the rule was, as to a return consisting of two or more causes, that whenever there was a *mandamus* directed to a party to do some act or to return some cause to the contrary, it is competent to that person to return as many causes to the whole writ or to distinct portions of it as he pleased, provided they were not inconsistent with each other and if one of them only were sufficient no peremptory *mandamus* would be awarded for *utile per inutile non vitiatur*. Tapping on Mandamus, top p. 401.

No good reason is perceived why the return to alternative writ of *mandamus*, which corresponds to the answer in an ordinary civil action should not, like it, be governed by the provisions of the practice act. This it seems to us is in consonance with the spirit and intention of that act. The demurrer did not, and could not, successfully assail the denial contained in the return. Whether the special defenses were consistent with the general denial, was a question not raised in the trial court so far as we can discover. We think the court erred in disregarding the respondent's traverse which under either the old or new systems of pleading put in issue the allegations of fact contained in the alternative writ. It could not be overthrown by demurrer.

But, as this case will be remanded for trial of the issue of fact, it will not be out of place to state that we think the respondent's special defense that the relator has a suit pending against him and his sureties, on his official bond for damages, is not available in bar or abatement of this proceeding. It constitutes no excuse

for his non-compliance with the alternative writ. *State v. Daugherty*, 45 Mo. 295; *Cass Township v. Dillon*, 16 Ohio St. 38; *Kendall v. United States*, 12 Pet. 615.

The second special defense is likewise invalid for the reason that it affords neither excuse or justification for the refusal of the respondent to obey the said writ. It does not contain the elements of *res adjudicata* nor of *lis pendens*. And if designed for the latter it is fatally defective in not alleging that this suit is vexatious, oppressive and unnecessary. *State v. Daugherty*, 45 Mo. *supra; Downer v. Garland*, 21 Verm. 362.

These two special defenses, as pleaded, should be disregarded by the trial court, since they together or singly afford no excuse for respondent's disobedience.

II.  In respect to the respondent's motion to quash the alternative writ, we think inasmuch as county courts have exclusive jurisdiction to grant dramshop licenses for state and county purposes and that it is alleged in said alternative writ "that at the August term, 1887, of the county court of DeKalb county, a judgment or order granting to said relator a license as a dramshop keeper, in the city of Maysville for the space of six months, from said August 5, 1887, which said judgment and order was duly made and given by said county court," that this was sufficient as showing the jurisdiction of the court.

The statutes provide that in pleading a judgment or other determination of a court or officer of special jurisdiction it shall not be necessary to state the facts conferring the jurisdiction, but such judgment or determination may be stated to have been duly given or made. R. S., sec. 3551; *Etz v. Wheeler*, 23 Mo. App. 449; *Wickersham v. Johnson*, 51 Mo. 313.

It is suggested that this section is inapplicable to the proceedings by *mandamus* because the article in which it is found, article 5, chapter 59, Revised Statutes, does not specially make it so apply; and because there

is a section in the article which immediately follows the one just mentioned, which provides in terms that, that article shall apply and extend to writs of *mandamus.*

The last referred to article 6, chapter 59, provides for "amending pleadings and proceedings."

When it is stated that at common law a return was not allowed to be amended after it had been filed, not even in a matter of mere form (Tapping on Mandamus, top page 409), and that the same was true as to writs after the return, and that this practice prevailed after the passing of the statute of 9 Ann., chapter 20, section 7, and after all the statutes of jeofails were extended to writs of *mandamus,* it will become apparent that there was a reason for making these statutes of amendment expressly applicable to writs of *mandamus.*

It may be and is true that there is no presumption indulged in favor of the jurisdiction of courts of inferior and limited authority and that unless their jurisdiction appears upon the face of their proceedings, their acts are void. It is not to be understood by this that in looking to the record of such courts for the purpose of determining whether they possess jurisdiction in any particular proceeding had before them, we are to be restricted to an examination of the order or judgment, but may look to the entire record of such procedure for that purpose.

When this case is retried, the circuit court will have before it all the petitions, applications and record relating to the granting of said license, by said county court, and from these it will determine under correct principles of law the questions of jurisdiction prematurely urged here.

The judgment will be reversed and cause remanded. All concur.