## ALBRIGHT *v.* MICKEY.

### Opinion delivered May 8, 1911.

1. FOREIGN JUDGMENT—CONCLUSIVENESS.—A judgment of a justice of the peace of another State who had jurisdiction of the subject-matter and person of the defendant is conclusive as to the merits of the original cause of action.  (Page 148.)

2. SAME—HOW PROVED.—A judgment of a justice of the peace of a sister State must be proved by the production of the original minutes or by the oath of witnesses who have compared the copy produced in evidence.  (Page 148.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Read & McDonough,* for appellant.

A certified copy of a judgment of a justice of the peace of another State is not admissible as evidence in a suit in this State against the alleged defendant in said judgment, without other proof of its verity. 43 Ark. 209. The act of Congress providing for the authentication of judicial records does not apply to judgments of justices of the peace.

*Winchester & Martin,* for appellee.

The judgment of the justice of the peace was admissible. Art. 4, § 1, Const. U. S.; Rev. Stat. U. S. § 905; 48 Ark. 54, 55; 5 Ohio Rep. 545; 13 *Id.* 217.

McCulloch, C. J. Appellee instituted this action against appellant in the circuit court of Sebastian County, to recover on a judgment rendered by a justice of the peace in the State of Ohio. Appellant answered, denying that any such judgment had been rendered against him; he also denied that he was indebted to appellee in any sum, and pleaded the statute of limitation against the original cause of action on which the alleged judgment was founded. A certified transcript of the proceedings before such justice of the peace was exhibited with the complaint, and was, over appellant's objection, read in evidence in the trial before the court sitting as a jury. Several objections were made to the judgment on account of alleged defects in the proceedings, but we are of the opinion that none of the objections were well taken. The exemplified record shows that the Ohio court had jurisdiction of the subject-matter of the action and of the parties, and that the proceedings were conducted in conformity with the laws of that State. The judgment is conclusive as to the merits of the original cause of action on which it is founded. *Glass* v. *Blackwell,* 48 Ark. 50.·

The only question in the case which calls for discussion is that as to the admissibility of the certified transcript of the proceedings as evidence of the rendition of the judgment, and that question has been decided by this court in the case of *Blackwell* v. *Glass,* 43 Ark. 209, where it was held that "a judgment of a justice of the peace of a sister State must be proved by the production of the original minutes or by the oath of witnesses who

have compared the copy produced in evidence." In addition to the authorities cited in the opinion in that case see to the same effect: *Strecker* v. *Railson,* (N. D.) 111 N. W. 612. It follows, therefore, that the court erred in receiving the exemplified record as evidence of the rendition of said judgment without other proof as to its verity.

Reversed and remanded.