## R. I. RIGLER, Appellant, v. EMMA McCLURE, Respondent.

### St. Louis Court of Appeals, April 6, 1915.

1. **EVIDENCE: Records of Foreign Justice's Court: Authentication.** A copy of entries in a docket of a justice of the peace of another State, subscribed and certified to by him as a true and correct transcript of a judgment, accompanied by a certificate of the clerk of the county court, certifying that the justice was duly qualified and acting at the time of the entry of the judgment, is not admissible in evidence, because not sufficiently authenticated.

2. ———: ———: ———. A judgment rendered by a justice of the peace of Illinois is not within the Act of Congress concerning the authentication of records of the courts by the several States, for the reason that such court is without a clerk and seal.

3. ———: Judicial Notice: Signature of Clerk and Seal of Court of Other States. The courts of this State cannot take judicial notice of the signatures of the clerks of courts of other States and of their official seal, and receive them as evidence, when not proved as required by statute.

4. ———: Records of Courts of Other States: Common-Law Method of Proof. The common-law method of proving a judgment of a justice of the peace of another State is not satisfied by the mere showing of the fact that the transcript has been compared

Rigler v. McClure.

with the original docket entries and found to be correct, but, to prove a competent judgment rendered by the justice, it must be shown that, by the laws of the State, the justice had jurisdiction of the subject-matter and of the parties.

5. **JUDGMENTS: Res Adjudicata: Unpaid Judgment Against Joint Obligor: Effect on Other Obligors.** A judgment against a husband for medical services rendered to his wife, based on his implied obligation to furnish her with necessaries, does not bar an action against the wife's sister on her personal liability for the services, since the respective causes of action are not in all respects identical; and even if the husband and the sister were joint debtors, as by contract, the obligation to pay would be joint and several, so that the physician could sue either or both for the debt, and to bar an action against the sister, it would be necessary to show that the judgment against the husband had been paid.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED (*with directions*).

*Henry B. Davis, Charles Erd, Carlisle Durfee* and *Loren E. Massey* for appellant.

(1) The trial court properly excluded the justice's transcript, offered in evidence by the defendant for the purpose of proving that the plaintiff had instituted an action in a justice's court in the State of Illinois, on the account in issue in the case at bar, against Berthell Wallis, and recovered judgment thereon against him, for the reasons: First, that the transcript was certified to by the deputy clerk of the county court of St. Clair county, Illinois, in the name of the clerk of that court, and the certification was, for that reason, insufficient, as the Act of Congress relating to the authentication of the records of judicial proceedings of the court of a sister State requires that the same be attested by the clerk. 3 Fed. Stats. Ann. (McKinney), sec. 905, p. 37; 3 R. S. 1909, Appendix, p. 3711; Williams v. Williams, 53 Mo. App. 617; State v. Foreman, 121 Mo. App. 502; second, that there was no

certification that the clerk of the county court of St. Clair county, Illinois, at the time his name and the seal of that court were affixed to the rejected transcript, was the clerk. Act of Congress, *supra;* third, that the excluded transcript contained merely the minutes of the proceedings before the justice of the peace, and not a copy of the records in such proceedings, and failed to show that the account˙sued on was the same account as that in issue in the case at bar; fourth, that in so far as said transcript contained any evidence that the plaintiff had instituted an action and recovered judgment on said account against the husband of the patient, that evidence was merely cumulative, and properly excluded on that ground. Even if the transcript had been authenticated in accordance with the requirements of the Act of Congress above cited, its exclusion was harmless error, for the plaintiff readily admitted on the witness stand that he had instituted the action, and recovered judgment thereon against the husband, on whose part the law implied a promise to pay for the services in question. (2) It follows, from the foregoing, that the lower court committed error in sustaining the defendant's motion for a new trial, on the ground that competent evidence had been excluded at the trial, that the plaintiff had instituted an action and recovered judgment on the account in issue in the case at bar, against the patient's husband. Where the trial court sustains a motion for a new trial, on a ground that is not sound in law, and the record fails to disclose any ground on which the court's action can be upheld, the judgment will be reversed. Schmidt v. Railroad, 163 Mo. 645, 660; Campbell v. Railroad, 86 Mo. App. 67, 71; Thiele v. Railroad, 140 Mo. 319, 339; Putermann v. Simon, 127 Mo. App. 511, 514; Taylor v. Gossett, 114 Mo. App. 723, 727; Scullin v. Railroad, 184 Mo. 695, 709; Heintz v. St. Louis Transit Co., 115 Mo. App. 667, 673.

No brief filed for respondent.

NORTONI, J.—This is a suit for the reasonable value of the services of a physician and surgeon. Plaintiff recovered, but the court set the verdict aside. From this order plaintiff prosecutes the appeal.

Plaintiff is a practicing physician in the city of St. Louis, and it appears defendant, Mrs. Emma McClure, called him to treat her sister, Daisy Wallis, who was a married woman too. The evidence tends to prove that Mrs. Wallis, whose husband was a soldier in the Philippines at the time, was quite sick at the home of her sister in St. Louis, and defendant called upon plaintiff to treat her.

There is an abundance of evidence on the part of plaintiff tending to prove that defendant, Mrs. McClue, became personally responsible to him for the reasonable value of the services rendered. On the part of defendant, there is evidence, too, tending to prove that no personal responsibility was assumed, except to pay for the first visit. Among other things, defendant sought to establish that plaintiff did not look to her for his compensation, but rather to Berthel Wallis, the husband of her sister, the patient. To this end, it is asserted that plaintiff instituted a suit in a court of a justice of the peace in East St. Louis, Illinois—that is, in St. Clair county in the latter State —and recovered a judgment against Berthel Wallis for the same services sued for here, in the amount of $200. It was sought to show this by the introduction in evidence of a certified copy of the docket of the justice, but the court excluded it on objection, because not properly authenticated in accordance with the Act of Congress touching foreign judgments. After the document was excluded, defendant's counsel offered to prove that he was present when the transcript was made and that the transcript is a true copy of the original record in the case, according to the records of the justice, E. P. Williams, East St. Louis, St. Clair county, Illinois, and this offer the court excluded as

well.    The jury having found the issue for plaintiff, the court sustained defendant's motion for a new trial and set the verdict aside on the ground, according to the order entered of record, that it erred "in excluding the evidence offered by defendant to prove that plaintiff brought suit and obtained judgment against Berthel Wallis."

The sole question for consideration relates to the ruling of the court in setting the verdict aside because it excluded the evidence offered by defendant pertaining to the suit and former recovery before a justice of the peace in St. Clair county, Illinois, on what is said to be the identical cause of action involved here. The evidence offered concerning this matter consists of a copy of the entries from the docket of E. P. Williams, who, it is said, is a justice of the peace of St. Clair county, Illinois.    The document mentioned is subscribed and certified to by "E. P. Williams, Justice of the Peace" as "a true and correct transcript of the judgment given by me in the above entitled suit, and that the said transcript, and the papers herewith accompanying contain a full and perfect statement of all the proceedings before me, in the above entitled cause."    Accompanying this document and annexed thereto is a certificate of E. F. Winkler, clerk of the county court in and for St. Clair county, Illinois, which in due form certifies that E. P. Williams, Esquire, whose name is subscribed thereto, is a justice of the peace duly qualified and acting in St. Clair county of that State and was at the time involved here.

There can be no doubt that the court properly excluded the document so offered, and this is true though the purported transcript of the docket entries and judgment of the justice in the case of Rigler v. Wallis was accompanied by the certificate of the clerk of the county court.    The judgment of a justice of the peace, it seems, is not within the Act of Congress as to the authentication of records of the courts of the several States,

for the reason that such court is without a clerk and seal. Then, too, the certificate and seal of the clerk of the county court attached to the transcript is without probative force here, for the reason that the courts of this State may not take judicial notice of the signatures of the clerks of the courts of other States nor of their official seals nor receive them as evidence when not proven as the statute requires.

But though such be true, the court evidently set the verdict aside and awarded a new trial because defendant's counsel offered to prove the judgment of the justice otherwise—that is, by the evidence of a witness who had examined the original docket and compared the transcript therewith. It is said the Act of Congress concerning the authentication of records of a foreign jurisdiction to be given in evidence in another State is not exclusive, in that the common-law method of proving a judgment of a justice remains intact. In this view, the judgment of a justice of the peace of another State may be proven by the oath of witnesses who have compared the copy produced in evidence with the original—that is, by the common-law method—as was declared by this court in Etz v. Wheeler, 23 Mo. App. 449. But the common-law method of proof in respect of such matters is not satisfied by the mere showing of the fact that the transcript has been compared with the original docket entries and found to be correct, for the court of a justice of the peace is universally regarded as an inferior tribunal of limited statutory jurisdiction, in favor of which the usual presumptions do not obtain. Therefore, in order to prove a competent judgment given by such court establishing an indebtedness, it is essential to show, too, that by the laws of the sister State the justice of the peace was possessed of jurisdiction in the premises—that is, over the subject-matter—and also, by other competent evidence, jurisdiction over the person as well. [See Winham v. Kline, 77 Mo. App. 36, 44.] Here, there

was not only no evidence given, but none offered, tending to prove that service was had on defendant in the alleged justice judgment—that is, Berthel Wallis—or that the justice of the peace in any wise possessed jurisdiction over his person. Neither was there evidence given of any character tending to prove that a justice of the peace in the State of Illinois and according to its laws possesses jurisdiction over the subject-matter of such an action.

Furthermore, if this judgment be received in evidence, it constitutes no defense to the suit here on an actual contract of the present defendant to compensate plaintiff for his services. It is to be inferred from the record that the judgment, if any were recovered against Berthel Wallis, was had on the implied obligation of the husband to compensate for the necessaries of the wife. If this be true, then, of course, the cause of action here sued on—that is, the contract of defendant to pay plaintiff for the services—is not identical in all respects with the implied obligation of the husband. Even if Berthel Wallis, the husband, and the present defendant were joint debtors, as by contract, under our statute the obligation to pay would be joint and several and in such circumstances plaintiff could sue either or both for the debt, as he might elect to do. In event of a recovery on such joint and several contractual obligation against one of the joint debtors, the mere judgment introduced in evidence without showing its satisfaction as well would constitute no defense to a suit against the other joint debtor. The principle is well established and not open to question. [See Armstrong v. Prewitt, 5 Mo. 476; Phoenix Mut. Life Ins. Co. v. Landis, 50 Mo. App. 116; 24 Am. & Eng. Ency. Law (2 Ed.) 763; see, also, Knox County Savings Bank v. Cottey, 70 Mo. 150.] In the case last cited the plaintiff had obtained a judgment against one of two joint debtors and at his suit against the other joint debtor on the same cause of action it was declared the judg-

ment so recovered was not to be received in evidence in defense. In such cases, the law is concerned rather with the satisfaction of the debt than with the mere recovery of the judgment therefor. Obviously the principle obtains here as well and no effort whatever was made to show that the alleged judgment against Berthel Wallis had been satisfied. This being true, the court erred in granting a new trial and setting the verdict aside in order to receive the evidence offered, for it was insufficient.

The judgment should, therefore, be reversed and the cause remanded with directions to the trial court to reinstate the verdict and enter judgment thereon. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.