53 P.(2d) 649

ANTHONY DOLL & CO. v. HOGAN.

No. 4087.

Supreme Court of New Mexico.

Jan. 10, 1936.

M. J. McGuinness, of Albuquerque, and Thorwald Larson, of Holbrook, Ariz., for appellant.

George C. Taylor, of Albuquerque, for appellee.

BRICE, Justice.

An action was brought by appellant (plaintiff below) in a justice of the peace court on a justice of the peace judgment of the state of Arizona. The appellant recovered judgment and an appeal was taken to the district court, where the suit was dismissed. From the order of dismissal, an appeal has been taken to this court. The contentions of the parties will appear in the opinion.

1. The district court refused to admit in evidence a certified copy of a judgment of the justice of the peace of Flagstaff precinct, Ariz., on which the action was brought, though proven by oral testimony to be a copy of the original, apparently because not authenticated as provided by the federal statutes for proving judgments of sister states. In appellant's attempt to prove the judgment the record shows the following proceedings in the district court:

"Q. Did you have the claim of Anthony Doll & Company against A. T. Hogan for collection or attention? A. I did.

"Q. Did you try to collect it? A. Yes.

"Q. What did you do?

"Mr. Taylor: We object to that whole line of testimony.

"Mr. McGuinness: We have a judgment.

"The Court: How can you prove your judgment; don't you have to have an authenticated copy of your judgment?

"Mr. McGuinness: As I understand the law, all we have to show is jurisdiction. Our case being based upon a judgment, we have to show jurisdiction.

"Q. Did you file a case against Mr. Hogan? A. I did.

"Mr. Taylor: We object to that; that doesn't show jurisdiction.

"The Court: Objection sustained. (Copy of judgment marked Exhibit P-1)

"Q. Mr. Larson, examine the exhibit marked for identification Exhibit P-1 and tell the court what it is? A. This is a judgment of the Flagstaff—

"The Court: The instrument speaks for itself, I take it, without testimony as to what it is.

"A. That is the judgment which we obtained against the defendant, Hogan, and which was filed in that court, that is the original of it, this being a certified copy.

"Mr. McGuinness: We introduce it in evidence.

"Mr. Taylor: We object to that; it is not vouched for in any of the methods provided by any law of the land. It is just a signature on there; it is a piece of waste paper, as far as this court is concerned.

"The Court: Objection sustained.

"Mr. McGuinness: Exception.

"The Court: I don't think you can prove a judgment in a foreign state by evidence of that kind.

"Mr. McGuinness: All I wanted to show by the witness is the question of jurisdiction. * * *

"Mr. McGuinness: Let the record show that we offer certified copy of the judgment purporting to have been obtained in the Justice of the Peace Court at Flagstaff, Coconino County, Arizona, in favor of Anthony Doll & Company, a corporation, plaintiff, versus A. T. Hogan, defendant, rendered on the 25th day of June, A. D. 1932, by Justice of the Peace, Fred Turner, and said judgment being for the amount of $104.00 principal, together with interest from the 18th day of September, 1922, amounting to $60.30, and the costs taxed at $4.85, as certified by the said Justice of the Peace, Fred Turner.

"The Court: Offer refused.

"Mr. McGuinness: Exception."

■ The weight of authority seems to be that judgments of justices of the peace do not come within the provisions of the Act of Congress (28 U.S.C.A. § 687) with reference to the authentication of judgments to give them full faith and credit in a sister state. 22 C.J., Title "Evidence," § 1012.

■ Procedure provided by the Congress for proving judgments of sister states is not exclusive, even assuming the act applied to judgments of justices of the peace courts, as held by some courts, but not generally. The common-law method is still in force and any other method based on established principles which the courts of the particular state may deem expedient

may be resorted to. 22 C.J., Title "Evidence," § 1008. Such judgment may be proven by the oral testimony of a person who has compared the copy offered with the original judgment and who knows and testifies that it is a correct copy of the original judgment. While the witness here did not go into detail as to his means of knowledge, he did in substance testify that the copy offered in evidence was in fact a copy of the original judgment. The testimony shows that he was attorney for the plaintiff in the original proceedings in Arizona. The evidence was excluded, not because of the lack of detail as to how the witness knew it was a copy, but, as the court held, because oral proof was not admissible at all; in which the court erred. Albright v. Mickey, 99 Ark. 147, 137 S.W. 568; Harvey et al. v. Cummings et al., 68 Tex. 599, 5 S.W. 513; Rigler v. McClure, 189 Mo.App. 710, 175 S.W. 256; 22 C.J., Title "Evidence," § 936.

2. For the purpose of proving the jurisdiction of the Arizona justice of the peace court, the appellant offered in evidence the Arizona statutes with reference to the jurisdiction of such court which were excluded upon the following objections:

"Mr. Taylor: We object to that; it is not certified by the Secretary of State of Arizona to be an authenticated copy of the Statutes.

"The Court: Objection sustained."

It does not appear whether the statutes offered purported to have been published under the authority of the state of Arizona, but this objection was not made to their introduction. The statute law of a sister state may be proved by the introduction of a printed volume of statutes which purports to be published by authority of that state. 59 C.J., Title "Statutes," § 764. The Supreme Court of the United States in Ennis v. Smith, 14 How. 400, 14 L.Ed. 472, held that the code of France, duly sworn to be such code by a witness who purported to know, was admissible in evidence. 10 R.C.L., Title "Evidence," § 320–321.

While some courts hold that the laws of a sister state, except where otherwise provided by statute, must be proven by duly authenticated copies or by the testimony of expert witnesses, the weight of authority is otherwise. We hold that printed copies of books, or any part thereof, purporting to be the statutes of a sister state, if apparently published by authority of that state, are prima facie evidence of its laws. The district court erred in excluding such statutes when offered in evidence if they purported to be published by authority of the state of Arizona.

3. The burden is upon the plaintiff not only to prove the judgment sued on, but also to prove the jurisdiction of the Arizona court over the person and subject-matter. Rigler v. McClure, supra; Albright v. Mickey, supra; Midwest Piping & Supply Co. v. Thomas Spacing Machine Co., 109 Pa.Super. 571, 167 A. 636; Wilcox v. Bergman, 96 Minn. 219, 104 N.W.

955, 5 L.R.A.(N.S.) 938; Hinman v. M., K. & T. Ry Co., 83 Kan. 35, 110 P. 102, 21 Ann.Cas. 1152; 34 C.J., Title "Judgments," § 1635.

4. No written pleadings are required in cases appealed from justice of the peace courts to the district court; but, if used, the pleader is bound and limited by his allegations. Board of Education of the City of Santa Fe v. Astler, 21 N.M. 1, 151 P. 462.

The cause is reversed and remanded with instructions to grant to appellant a new trial.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.